OGILBY et al. v. HICKOK.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. TRUSTS (§ 159*)—QUALIFICATIONS OF TRUSTEE—INTEREST.

An agreement whereby one who has a beneficial interest in real estate agreed to take and manage the property for the benefit of others to the extent of two-thirds thereof is not invalid because of his beneficial interest, but he may act as trustee for such others under the trust which extends over the whole estate for the purpose of its management.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 206; Dec. Dig. § 159.*]

2. TRUSTS (§ 160*)—AGREEMENT CREATING TRUSTS—DESIGNATION OF TRUSTEE —EFFECT.

Where the trustee appointed by a valid trust agreement is disqualified, the trust is not thereby rendered invalid, but the Supreme Court will appoint an agent to carry it out.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 204; Dec. Dig. § 160.*]

3. PERPETUITIES (§ 4*)—TRUST AGREEMENTS—VALIDITY.

A trust agreement for the management of real estate until the death of the survivors of two beneficiaries in being, and for the distribution of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the trust property among the heirs of the three beneficiaries, is not viola-
tive of the law against perpetuities, for the trust will terminate on the
death of the survivor of the two beneficiaries.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec.
Dig. § 4.*]

4. TRUSTS (§ 11*)—AGREEMENTS CREATING TRUSTS—VALIDITY.

A trust agreement for the management of real estate for designated
beneficiaries which provides that the trustee shall divide the net rents
and profits as they accrue equally between the beneficiaries, and pay the
same monthly to each, gives the trustee power to collect the rents and
profits and apply the same, and the agreement is not invalid as not giving
such power.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

5. PARTITION (§ 22*)—ACTIONS—AGREEMENTS.

An agreement between a brother, holding the legal title to real estate,
and his two sisters, whereby he agrees to hold the property in trust, and
that on written demand of any two parties to the agreement he will sell
the premises for a specified sum and divide the proceeds, etc., is an en-
forceable contract precluding a suit for partition, whether the agreement
is construed as creating a trust for the management of the property, or
as an agreement not to partition or sell except under specified conditions.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 73; Dec. Dig.
§ 22.*]

Appeal from Special Term, New York County.

Action by Lena H. Ogilby and another against Chandlee H. Hickok.
From an interlocutory judgment sustaining a demurrer to a separate
defense, defendant appeals. Reversed, and demurrer overruled.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
CLARKE, and DOWLING, JJ.

Ralph P. Buell, for appellant.
Arthur O. Townsend, for respondents.

McLAUGHLIN, J. The complaint alleges that the mother of the
plaintiffs and defendant in 1905 died intestate, leaving as her sole
heirs at law the parties to this action; that at the time of her death
she was seised and possessed of certain real estate situate in the city
of New York; that prior to her death, without any consideration,
she conveyed the real estate to the defendant upon his promise to hold
it for her sole use and benefit, and to reconvey to her, or her heirs,
whenever she or they so requested; that the deed of conveyance to
the defendant was recorded, and some time thereafter he, at her re-
quest, reconveyed the property to her, but that the deed of conveyance
was never recorded and has been lost. The judgment demanded is
that it be decreed that each of the plaintiffs and defendant is seised
and possessed in fee simple, subject to a mortgage now on the prem-
ises, of an equal undivided third part thereof; that the premises are
so situate that an actual partition cannot be had; that, for that reason,
the premises be sold and the proceeds derived therefrom paid to the
parties according to their respective rights therein; that the defendant
account for the rents received, and whatever amount may be found
due, together with the costs of the action, be deducted from his share.

As a separate defense the defendant alleged that, after the death

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his mother, a dispute arose between the plaintiffs and defendant concerning the premises in question, and, in order to settle the same, amicably adjust the claims of the parties, and preserve the defendant's rights in the premises, they entered into an agreement in writing, which is annexed to and made a part of such defense. This agreement recites:

"In consideration of the love 'and effection which the said Chandlee H. Hickok bears to his said sisters, and of the sum of one dollar to him in hand paid, by each of said sisters, the receipt whereof is hereby acknowledged, and in consideration of the moral obligation recognized by him to them, and in further consideration of each of his said sisters releasing to him * * * all claims, legal and equitable, which each of said sisters might have upon the property hereinafter described, which she does hereby so release, the said Chandlee H. Hickok agrees to hold the premises known as Number 43 East Fifty-Ninth street, Manhattan, New York City, heretofore conveyed to him by his mother, in trust for himself and each of said sisters and their respective heirs, in equal shares, and that he will, upon demand, execute and have recorded a deed in proper form showing the interest of his said sisters in said property. Upon the written demand of any two parties hereto, or their legal representatives, the trustee shall be required to sell said premises for sixty thousand dollars ($60,000) or upwards, at any time, and said trustee shall have power to sell the same at a less price upon the written consent of all of the parties hereto, or their legal representatives. * * * In case of the sale of said premises the proceeds of said sale shall be divided into three equal parts and shall be paid to each of the respective parties hereto. * * * Upon the death of the survivor of said Lena H. Ogilby and Anne H. Ogilby, this trust shall terminate and the property shall be divided, or the fund from the sale thereof distributed, among the heirs at law of the three beneficiaries above named. For the purpose of distribution the interests of said three beneficiaries shall be considered as vesting at the date of this agreement."

The agreement also contains a provision as to the rents and profits derived from the premises and a division of the same equally among all of the parties thereto.

The plaintiffs demurred to this defense upon the ground that the same was insufficient in law upon the face thereof. The demurrer was sustained, and from an interlocutory judgment to that effect the defendant appeals.

[1] The demurrer was sustained upon the ground, as appears from the opinion delivered by the learned justice sitting at Special Term, that the agreement was ineffectual for any purpose because it made the defendant a trustee for his own benefit. I do not think the agreement is subject to this criticism. The fact that the defendant has a beneficial interest in the real estate in question does not prevent his taking charge of the same for himself and others having a like interest therein. Of course, the same person cannot be at the same time trustee and beneficiary of the same interest. Woodward v. James, 115 N. Y. 346, 22 N. E. 150. Here the defendant is to take and manage the property, at least to the extent of two-thirds of it, not for himself, but for the benefit of the plaintiffs. He can therefore act as trustee for them, and that trust is over the whole estate for the purpose of its management and disposition. [2] And, if it were held that he was disqualified for any reason from acting, that would not destroy the agreement because the trust thereby created would then vest in the Supreme Court, which would appoint its agent to carry out the same. Rankine v. Metzger, 69 App. Div. 264, 74 N. Y. Supp. 649,

affirmed 174 N. Y. 540, 66 N. E. 1115; Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8; Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636; People ex rel. Collins v. Donohue, 70 Hun, 317, 24 N. Y. Supp. 437.

[3] It is also urged that the trust is invalid because it violates the law against perpetuities, but the agreement expressly states that the trust is to terminate upon the death of the survivor of the plaintiffs, both of whom were in being at the time the agreement was made. It is true that provision is made for distributing the trust property among "the heirs of the three beneficiaries," but this provision must be construed in connection with the one above referred to, which terminates the trust upon the death of the survivor of the plaintiffs.

[4] The further suggestion is made that a valid trust was not created because defendant was not given the power to collect the rents and profits and apply the same. A fair construction of the agreement, I think, clothes him with that power. It provides that:

"The trustee shall divide the net rents and profits * * * as they accrue, equally between the three beneficiaries and pay the same monthly to each. * * *"

This he could not do unless he had the power to collect.

[5] I am of the opinion that the agreement constitutes a good defense to this action, and this whether it be construed as creating a trust for the management of the property until the death of the survivor of the plaintiffs (Harris v. Larkins, 22 Hun, 488) or as an agreement not to partition or sell, except under certain conditions. A consideration of the whole agreement indicates that each party to it intended to bind himself to the plan expressed for the future management and disposition of the property. Their minds met on that subject, and what they intended to accomplish is clearly expressed. The property was not to be sold without the consent of all, unless $60,000 or upwards could be obtained for it, and then only when at least two of the parties so desired. It could not be sold for any less price except upon the consent of all the parties. Those conditions were to be maintained until the death of both the plaintiffs. In the meantime the rents and profits were to be divided equally among all of them. The consideration for the promise of each party was the promise of the other. The agreement has all the elements of a valid contract and should be enforced, and, if so, a sale in partition cannot be had.

The interlocutory judgment appealed from is therefore reversed, with costs, and the demurrer overruled, with costs, with leave to plaintiffs to withdraw demurrer upon payment of costs in this court and in the court below. All concur.