BUSCHMANN v. McDERMOTT et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION.

An agreement between owners of real estate that none of them would sue for partition without the consent of the others does not suspend the power of alienation, and is a good defense to an action to partition; the power only being suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. § 6.*]

Appeal from Special Term, New York County.

Action by Amelia Buschmann against Mamie H. McDermott and others. From an order granting judgment on the pleadings, the defendant McDermott appeals. Reversed.

See, also, 138 N. Y. Supp. 1109.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

J. Henry Esser, of Mt. Vernon, for appellant.
Edward Michling, of New York City, for respondent.

McLAUGHLIN, J. This appeal is from an order granting plaintiff's motion for judgment on the pleadings. The action is to partition certain real estate. All of the defendants defaulted in pleading except the appellant, who interposed an answer in which she admitted all of the allegations of the complaint and set up as an affirmative defense that all of the owners of the real estate in question had, prior to the commencement of the action, agreed, each with the other, in consideration of mutual covenants, that they, or either of them, would not at any time bring or prosecute an action in equity for the partition of such real estate in any court without the consent of all the parties to the agreement, but would hold and continue to hold the property as tenants in common until such time as a private sale thereof could be made without loss upon the original investment, or at such lesser figure as should be agreed to. The learned justice sitting at Special Term held that the agreement did not constitute a defense, for the reason, as appears from his opinion, if such effect be given to it, it would suspend the power of alienation for a period "not dependent upon lives in being."

I am of the opinion that the agreement, as pleaded, is not susceptible of this construction, and that it constitutes a good defense to the action. Under its terms the three parties to it, the owners of the property, can at any time they see fit convey the title. The power of alienation is only suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. As was said by Judge Vann, in Williams v. Montgomery, 148 N. Y. 519, 43 N. E. 57:

"The test of alienability of real or personal property is that there are persons in being who can give a perfect title. * * * Where there are

living parties who have unitedly the entire right of ownership, the statute has no application. * * * The ownership is absolute, whether the power to sell resides in one individual or in several. If there is a present right to dispose of the entire interest, even if its exercise depends upon the consent of many persons, there is no unlawful suspension of the power of alienation. The ownership, although divided, continues absolute."

Here, as said, the three owners can sell at any time they see fit. All they have to do is to agree upon the price. Not only this, but the death of any one of the parties would terminate the agreement, when a sale or partition could be had. Agreements among owners of real estate not to bring an action to partition during a certain time are not uncommon, and where such an agreement is made it is a good defense to an action to partition. Brown v. Coddington, 72 Hun, 147, 25 N. Y. Supp. 649; Ogilby v. Hickok, 144 App. Div. 61, 128 N. Y. Supp. 860; affirmed 202 N. Y. 614, 96 N. E. 1123; Martin v. Martin, 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411; Eberts v. Fisher, 54 Mich. 294, 20 N. W. 80; Am. & Eng. Enc. of Law (2d Ed.) vol. 21, p. 1158, and cases cited.

It follows that the court erred in granting judgment, and for that reason the order appealed from must be reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs. All concur.