### PEASE PIANO CO. v. FISKE.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. TRIAL (§ 105*)—PAROL EVIDENCE—WRITTEN CONTRACT.

    The rights of the parties to a written contract of conditional sale must be derived therefrom, and oral testimony, admitted without objection, must be disregarded if in conflict with the plain terms of the contract.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

2. SALES (§ 469*)—CONDITIONAL SALE—FORECLOSURE BY SELLER—AMOUNT OF RECOVERY.

    Under a written contract for sale of a piano upon installments providing for the payment of $10 for the first month and $7 for each following month, to be credited on the price of $325, and that title should pass only upon payment of that sum, with interest at 6 per cent. per annum on "all unpaid balances," the balance remaining unpaid at any time is that sum as diminished from time to time by the rental payments, and the purchaser, after paying $311, could obtain full title only upon the payment of the difference and of interest on such unpaid balances.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1357; Dec. Dig. § 469.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Pease Piano Company against Miriam Fiske. From a judgment rendered in favor of the defendant, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued January term 1914, before LEHMAN, PAGE, and BI-JUR, JJ.

Francis C. Brown, of New York City (William L. Snyder, of New York City, of counsel), for appellant.

Leo C. Weiler, of New York City, for respondent.

LEHMAN, J. The plaintiff delivered to the defendant a piano under a written agreement upon a printed form, which provides that the plaintiff leases to the defendant a piano for a period of 45 weeks, at a rental of $10 for the first month, and $7 for each succeeding month. The contract contains also the following clause:

"And said company hereby agrees with Mrs. Miriam Fiske that if she shall pay said company the sum of three hundred twenty-five dollars *with interest at six* per cent. per annum on all unpaid balances, said company will sell said piano to Mrs. Miriam Fiske for that sum and give a bill of sale thereof and credit upon said price all moneys which have been received from said Mrs. Miriam Fiske as rent of said piano."

It appears plainly, both from the contract and the parol testimony, that the contract was intended as a contract of conditional sale upon installments, and the plaintiff now brings its action to foreclose its lien for the unpaid balance. The defendant has paid the sum of $311, and the sole dispute between the parties is whether absolute title was to pass upon payment of the additional $14, or whether the plaintiff is entitled to this sum, plus interest.

[1] The rights of the parties must be derived from the written instrument, and even the oral testimony, admitted without objection, must be disregarded, if it is in conflict with the plain terms of the written contract.

[2] The contract clearly provides that the title to the piano was to pass only upon payment of the sum of $325, *with interest at 6 per cent.* per annum on all unpaid balances, and the words italicized by me are printed in black capitals across the page. The payment of 6 per cent. on all unpaid balances is part of the purchase price of the piano, and the only question of construction is as to the meaning of the words "all unpaid balances."

The contract provides that the payment of $10 and $7 per month shall be the rent for the piano, but shall be credited upon the purchase price if defendant shall purchase the piano. Since the purchase price is $325, the balance remaining unpaid at any time is that sum as diminished from time to time by the so-called rental payments, and the defendant can obtain full title to the piano only upon the payment of interest on these unpaid balances of the purchase price.

Judgment in favor of the defendant should therefore be reversed, with costs, and judgment ordered for the plaintiff foreclosing its lien of $14, with interest at 6 per cent. upon all unpaid balances. All concur.