JACOB L. ANDRON, Respondent, *v.* HARRIS FUNK, Appellant, Impleaded with ROSE FUNK and IDA ANDRON, Defendants.

First Department, December 3, 1920.

Partition — agreement of cotenants that retiring cotenant would give the other opportunity to purchase upon fixed terms — validity of agreement not to partition — complaint as equivalent to notice of desire to sell — right to plead counterclaim not in existence at time of commencement of action but arising out of transaction set forth in complaint.

The parties to the action became cotenants of the premises in question under an agreement which provided, among other things, that " should either of the parties thereto desire to sell his interest in the said property, * * * he should give written notice of such desire to the other and that such other party should then have the privilege of purchasing the one-half interest of the retiring party " at a stipulated price. Thereafter and without any notice to the defendant the plaintiff brought this action to have the property partitioned, in which he alleges, among other things, that an actual partition cannot be had and " that a sale thereof is necessary," and in the prayer he asks, *inter alia*, " that said premises be sold by or under the direction of the court." After the service of the complaint the defendant notified the plaintiff of his election to purchase the plaintiff's interest.

*Held*, that the agreement virtually contemplated that neither party could bring an action for partition without first giving notice to the other tenant of his desire to sell and thereby afford the latter opportunity to purchase as provided by the agreement.

An agreement not to bring an action in partition is valid, and where such an agreement is made it is a good defense to an action to partition.

The complaint in unequivocal language expressed the desire of the plaintiff to sell his interest in the property and is, in effect, equivalent to a written notice from him to the defendant of his desire to sell his interest as provided in the agreement.

The counterclaim interposed by the defendant demanding judgment for specific performance comes within the 1st subdivision of section 501 of the Code of Civil Procedure as one arising out of the contract or transaction set forth in the complaint, and it is no defense thereto that it did not exist at the time of the commencement of the action.

DOWLING, J., dissents, with opinion.

APPEAL by the defendant, Harris Funk, from so much of an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county

of Bronx on the 24th day of May, 1920, as sustains plaintiff's demurrer to a counterclaim contained in said defendant's answer.

The ground of the demurrer is that the counterclaim does not state facts sufficient to constitute a cause of action.

*Maurice B. Blumenthal* of counsel [*Maurice B. & Daniel W. Blumenthal*, attorneys], for the appellant.

*Charles Warner* of counsel [*Max Monfried*, attorney], for the respondent.

GREENBAUM, J.:

This action was brought for the partition of a certain two-family house in the borough of The Bronx owned by plaintiff and the appellant as tenants in common. In his answer defendant interposed a defense and a counterclaim which virtually embody the same state of facts. The plaintiff demurred to both the defense and the counterclaim. The justice at Special Term overruled the demurrer so far as the defense was concerned and sustained it as to the counterclaim.

The facts set out in the defense and counterclaim are substantially as follows: That on or about December 1, 1917, the plaintiff and defendant in order that they might acquire for themselves respectively a permanent residence, entered into an agreement for the purchase as tenants in common of a two-family building known as 952 Whitlock avenue in the borough of The Bronx; that thereafter and on or about the 5th of December, 1917, the parties duly became, and have ever since been and now are the owners in fee and tenants in common of the said premises; that by the terms of the agreement between the parties, it was among other things agreed " that should either of the parties thereto desire to sell his interest in the said property, * * * he should give written notice of such desire to the other and that such other party should then have the privilege of purchasing the one-half interest of the retiring party, and that the amount to be paid for the one-half interest of the retiring party should be computed upon the basis that the value of the joint property should be seven thousand six hundred ($7,600) dollars, and that the amount of cash to be

paid to the retiring party should be one-half of the equity in such property after deducting all incumbrances that might be chargeable against such property at the time and that if the remaining party should elect to purchase the interest of the retiring party upon such terms he should give notice of such an election in writing to the retiring party within ten (10) days after he should receive such notice, and that the closing of title should be fixed for a date which should be thirty days after the notice of election to buy." It is further alleged in the answer that the plaintiff commenced this action by the service of a summons and complaint on or about October 24, 1919, in which he demanded judgment, among other things, that the premises in question be sold under the direction of the court and that after the payment of certain proper charges against the premises " the residue of the moneys derived upon such sale be divided equally between the plaintiff and this defendant;" that thereafter and on the 30th of October, 1919, the defendant gave plaintiff notice in writing of his election to buy the one-half interest of the plaintiff upon the terms set forth in the agreement between them as above quoted, " but that the plaintiff has refused and failed and still refuses and fails and has notified this defendant of his refusal hereafter to deliver to this defendant a deed of conveyance of his interest in said premises * * * as fixed by this defendant in said notice, or at any other time."

As was said by the court at Special Term, " the agreement * * * very clearly was designed merely to accomplish the purpose of the parties to it that each of them should have the right to purchase the other's interest, before that other should have the right to sell to a stranger."

We are entirely in accord with the learned justice in the conclusion that he reached as to the intentions of the parties and that the agreement of the parties virtually contemplated that neither party may partition without first giving notice to the other tenant in common of his desire to sell to afford the latter an opportunity to purchase as provided by the agreement. An agreement not to bring an action in partition is valid, and where such an agreement is made it is a good defense to an action to partition. (*Buschmann* v. *McDermott,* 154 App. Div. 517.)

Coming now to the question as to whether the counterclaim sets forth a cause of action, we find that the agreement of the parties was " that should either of the parties thereto desire to sell his interest in the said property * * * he should give written notice," etc. The complaint in the partition action which the plaintiff brought is in writing and verified by the plaintiff. The complaint sets forth that each of the parties " is seized and possessed in fee of an undivided one-half part of said premises;" that an " actual partition cannot be had, and that a sale thereof is necessary," and in the prayer the plaintiff asks *inter alia* " that said premises be sold by or under the direction of the court " and that " the residue of said moneys arising from said sale be divided and paid as follows: one-half thereof to the plaintiff and one-half thereof to the defendant Harris Funk."

The complaint thus in unequivocal language expresses the desire of plaintiff to sell his interest in the said property which is in effect equivalent to a written notice from him to the defendant of his desire to sell his interest as provided for in the agreement. That the desire of plaintiff to sell his half interest in the property was communicated to the defendant through the instrumentality of a complaint, to the truth of which he solemnly swore, rather than through the medium of an ordinary written notice out of court, should not weaken its effect.

It is quite evident that the partition action is brought for the purpose of defeating the right of the defendant to buy plaintiff's interest upon the terms mentioned in the contract. Indeed, the learned counsel for the respondent concedes as much in his brief. His contention is, however, that the bringing of the action is not the equivalent of a notice as required by the agreement between the parties and that a counterclaim which arises after the commencement of an action is not available to the defendant.

We have already shown that the complaint is a notice within the terms of the agreement of plaintiff's desire to sell his one-half interest. As to defendant's right to assert a counterclaim which arose after the commencement of the action, we need only refer to section 501 of the Code of Civil Procedure which defines a counterclaim. That section states,

among other things, that a counterclaim " must be one of the following causes of action against the plaintiff   *   *   *: 1. A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.   2. In an action on contract, any other cause of action on contract, existing at the commencement of the action."

It will be observed that this counterclaim comes within the 1st subdivision of section 501 above quoted, which says nothing about a cause of action existing at the commencement of the action.   The counterclaim in this case clearly arose out of the contract or transaction set forth in the complaint, and since there is nothing stated in subdivision 1 which requires that the counterclaim must exist at the commencement of an action, we are of opinion that the counterclaim sufficiently states a cause of action and that the demurrer should have been overruled.

The order, so far as appealed from, must be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs, with leave to plaintiff to withdraw the demurrer and to reply on payment of said costs.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur; DOWLING, J., dissents.

DOWLING, J. (dissenting):

This action was brought in partition.   The complaint sets forth that plaintiff and defendant Harris Funk are seized in fee of certain property known as 952 Whitlock avenue, borough of The Bronx, city of New York;   that plaintiff is seized in fee of an undivided one-half part thereof, subject to the dower right of his wife, the defendant Ida Andron, and that defendant Harris Funk is seized in fee of an undivided one-half part thereof, subject to the dower right of his wife, the defendant Rose Funk;   that the premises are so situated that a partition thereof among the parties entitled thereto, according to their respective rights and interests, cannot be had without great prejudice to the owners thereof;   and that all the parties to this action are of full age, and that the lands in question are the only ones owned in common by the parties.   The judgment

demanded is the usual one of partition, including a sale of the property and the disposition of the proceeds thereof among the parties entitled thereto.

The same state of facts has been pleaded by appellant both as a defense and a counterclaim. The learned judge at Special Term held that the defense pleaded was good. Plaintiff has not appealed, so that question is not before us. It was held, however, that the facts pleaded do not constitute a good counterclaim and defendant's appeal raises that question alone.

The following allegations appear in the counterclaim: That on or about December 1, 1917, respondent and appellant for the purpose, among others, of acquiring a permanent residence, agreed to purchase, as tenants in common, the premises in question. This agreement was in writing and a copy thereof is annexed to the answer. Thereafter, on December 5, 1917, respondent and appellant became and still are the owners in fee, as tenants in common, of said premises, subject to the dower rights of their respective wives. Ida Andron had knowledge of and acquiesced in the provisions of the agreement and the conveyance thereunder. The premises consist of a plot of ground 25 feet in width by about 124 feet in depth, upon which is erected a three-story brick building, containing two flats. Upon making the agreement, appellant and respondent were each in occupation and control of one of the flats for residential purposes, and they remained in possession thereof thereafter. The written agreement between respondent and appellant contains the following provision: " And it is further agreed that should either of the parties hereto desire to sell his interest in the said property that he shall give written notice of such desire to the other, and that such other party shall then have the privilege of purchasing the one-half interest of the retiring party, and that the amount to be paid for the one-half interest of the retiring party shall be computed upon the basis that the value of the joint property shall be $7600.00; and that the amount of cash to be paid to the retiring party shall be one-half of the equity in such property after deducting all encumbrances that may be chargeable against such property at the time. Should the remaining party elect to purchase the interest of the retiring

party upon such terms he shall give notice of such election in writing to the retiring party within ten days after he shall receive such notice, and the closing of title shall be fixed for a date which shall be thirty days after the notice of election to buy."

It is then alleged in said counterclaim:

" *Twelfth.* That on or about the 24th day of October, 1919, the plaintiff caused to be served on this defendant the summons and complaint in this action and said complaint demanded judgment, among other things, that the said premises known as No. 952 Whitlock Avenue be sold by or under the direction of the court and that after the paying of certain proper charges against the premises the residue of the moneys derived upon such sale be divided equally between the plaintiff and this defendant.

" *Thirteenth.* That this defendant thereupon and on or about the 30th day of October, 1919, gave notice in writing to the plaintiff of his election to buy the same upon the terms aforesaid and in said notice fixed the office of Maurice B. & Dan'l W. Blumenthal, No. 35 Nassau Street, Borough of Manhattan, City of New York, as the place and the 29th of November, 1919, at 10 A. M. as the date for the closing of title."

It is further alleged that appellant has duly performed all the conditions of the contract on his part and is ready to fulfill the same and is ready and willing, for a good and proper deed, to pay for the respondent's interest on the basis of a valuation of $7,600, the amount to be paid by him being one-half of the equity in the premises after deducting all incumbrances that may be chargeable against such property at the time of the conveyance, but plaintiff has refused to deliver a deed of conveyance of his interest either on November 29, 1919, or at any other time.

The judgment demanded is: (1) That the complaint be dismissed, with costs; (2) that the plaintiff specifically perform said agreement and make, execute and deliver to appellant his full covenant and warranty deed of his interest in said premises, and that on payment of the amount due plaintiff on said agreement, the plaintiff be directed to deliver the said deed to the defendant free and clear of all incumbrances, except mortgages referred to in said contract, or so much

thereof as remains unpaid, and that Ida Andron be directed to join in the conveyance of said one-half interest of the plaintiff and to convey her dower interest therein upon payment to her, out of the amount due plaintiff, of the value of said interest as the same shall be determined by the court, and that if for any reason said dower interest cannot be so conveyed that provision for the same be directed by the court.

The question involved in this appeal is whether the commencement by plaintiff of this action for the partition of the real property in question, the sale of the interests of all the parties therein and the division of the proceeds of a sale between them according to their interests, is the giving of a written notice of plaintiff's desire to sell his interest in the property, as provided by the agreement. I am of opinion that it is not. We are not now concerned with the question of whether plaintiff can violate or evade the provision in question. The learned court at Special Term has held that the facts alleged constitute a good defense to this action.

The question now is, can appellant enforce his rights under the agreement by compelling ·plaintiff to sell his interest to appellant although he has given him no such notice as the contract requires. Appellant's only right to specific performance rests upon the provisions of the agreement. He could not compel plaintiff to convey his half interest to him save by virtue of some right so to do conferred upon him by respondent. That right is a purely contractual one. It exists solely by force of the contract itself. Appellant's privilege of purchase given thereby arises only when respondent has given him a written notice of his desire to sell his interest in the property, and such notice must, it seems to me, be given under the contract and in compliance therewith. This action was brought in derogation of the contract. The effect thereof is not merely to have respondent's interest sold, but that of appellant and of the wife of each party. Respondent did not desire to sell his interest pursuant to the contract but outside of, and contrary to, the same. It may well be that he cannot maintain this action in the face of the agreement and still the effort to avoid its force and effect would not confer upon appellant the right to treat even a futile attempt to evade a contract as an expressed desire to act thereunder.

My conclusion is that the bringing of this action for partition was not the giving of the written notice of respondent's desire to sell his interest provided for in the agreement; that appellant's right to specific performance exists only by virtue of such agreement; and that the requisite notice specified there not having been given, appellant has no right to specific performance.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to plaintiff to withdraw demurrer and to reply on payment of said costs.