JOHN A. SMITH, Respondent, v. MABEL D. SMITH and Others, Defendants, Impleaded with FRANK NESTOR, Appellant.

Third Department, November 12, 1925.

Partition — appellant assigned one-half interest in land contract for purchase of land in question to plaintiff — prior to assignment parties orally agreed to hold property for sale at profit — said agreement was not in assignment or deed subsequently given to plaintiff and appellant as tenants in common — oral agreement not admissible to support defense of agreement not to partition — fact that objection was not made to evidence, does not require court to consider it — plaintiff is not entitled to have deed reformed so as to make plaintiff and appellant joint tenants — partition decreed.

In an action for the partition and sale of certain real property, held by the plaintiff and the appellant as tenants in common, in which the appellant interposes a defense that it was agreed that they would hold the property until it could be sold for profit, evidence of an oral agreement in support of defendant's defense is not admissible, since it appears that said alleged oral agreement to hold the property until it could be sold at a profit was made prior to an assignment made by the appellant to the plaintiff and was not contained in that instrument nor in the deed subsequently executed to the plaintiff and the appellant as tenants in common.

The fact that evidence of the oral agreement was admitted without objection does not require the court to give it consideration, since the agreement is in conflict with the plain terms of the contract.

Furthermore, the appellant is not entitled to have the deed reformed so as to make the parties thereto joint tenants, since it appears that the appellant knew of the form of the deed at, or shortly after the time of its execution and delivery, and that he had acquiesced therein.

Accordingly, the plaintiff is entitled to a decree of partition and sale.

APPEAL by the defendant, Frank Nestor, from an interlocutory judgment of partition and sale in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 22d day of June, 1925, upon the decision of the court rendered after a trial at the Broome Special Term.

*Merchant, Waite & Waite* [*T. B. Merchant* of counsel], for the appellant.

*John A. Smith* [*Arthur J. Ruland* of counsel], for the respondent.

McCANN, J.:

This action is brought for the partition and sale of certain real estate of which John A. Smith, plaintiff, and Frank Nestor, one of the defendants, are tenants in common. Mabel D. Smith and Bessie M. Nestor each has an inchoate right of dower. The other defendants are interested as lienors on certain interests. On

or about October 3, 1923, Alfred S. and William C. Strickland were the owners of the property in question. On that date they executed a contract of sale to Frank Nestor, such contract having been drawn by the plaintiff, who is an attorney at law. About October 5, 1923, and after such contract had been executed, Nestor assigned to Smith an undivided one-half interest therein. Immediately prior to the signing of this latter agreement, there was a conversation between Smith and Nestor by which it was verbally agreed that the real property in question should be held by them until it could be sold for a profit. The said agreement was not incorporated in the written contract. The court made a finding that such verbal agreement was a part of the same transaction and based upon the same considerations as those which induced the making of the written contract or assignment. The Stricklands, above named, executed a warranty deed of said real estate to John A. Smith and Frank Nestor, as tenants in common, subject to certain incumbrances. The verbal agreement mentioned was not included in the provisions of the deed. The deed was delivered to Smith and Nestor on November 5, 1924, and was recorded in the Broome county clerk's office on November 12, 1924. Five days thereafter John A. Smith commenced an action for the partition of the premises. The defendant Nestor interposed an answer setting forth the verbal agreement as a defense and bar to the action and in addition thereto pleaded a counterclaim for damages alleged to have been sustained by Nestor and asked for a judgment that Smith and Nestor be decreed to be the owners of the property as joint tenants; that the deed be reformed accordingly, and that the plaintiff be enjoined and restrained from selling the premises without the consent of the defendant. Upon the trial of the action the defendant was permitted to show without objection the verbal agreement as above recited and every request made by the defendant Nestor was found by the trial court. Nestor urges that the verbal agreement is binding and that by reason of such agreement the plaintiff cannot maintain an action in partition.

It is well established that an agreement not to partition real estate during a certain time constitutes a legal defense to an action for partition. (*Brown* v. *Coddington,* 72 Hun, 147; *Ogilby* v. *Hickok,* 144 App. Div. 61; affd., 202 N. Y. 614; *Buschmann* v. *McDermott,* 154 App. Div. 515; *Andron* v. *Funk,* 194 id. 258; *Chew* v. *Sheldon,* 214 N. Y. 344.)

The cases above cited refer to agreements between owners of property. It will be noted in this case that the verbal agreement which was received in evidence was made prior to the execution

of the assignment of the contract and was not made as preliminary to the execution of the deed.

It needs no citation of authorities to sustain the proposition that the verbal agreement above mentioned was not admissible in evidence. Having been received in evidence without objection, the only question remaining is what effect should be given thereto.

In *Pease Piano Co.* v. *Fiske* (145 N. Y. Supp. 978) it is said: " The rights of the parties must be derived from the written instrument, and even the oral testimony, admitted without objection, must be disregarded, if it is in conflict with the plain terms of the written contract."

In *Wallach* v. *Riverside Bank* (206 N. Y. 434) it is said: " Assuming, without holding, that there was sufficient uncontradicted evidence to warrant these findings, the written agreement could not be cut down or limited by such facts. Whatever was said before the instrument was signed being merged therein became wholly immaterial, and it is not an error of law to refuse to find an immaterial fact even upon uncontradicted evidence." (See, also, *Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 N. Y. 359, and cases cited.)

The trial judge in his opinion stated: " The alleged agreement to hold the property until it could be sold at a profit " did not " constitute a separate and independent contract from the written agreement " but rather that it " attempted variation of the written agreement which, under the law, cannot be considered nor enforced." Such opinion further states that " If it be assumed that the parties by their written contract intended to provide for a deed to themselves as joint tenants rather than as tenants in common, the evidence adduced by the parties upon the trial indicates that the defendant [Nestor] knew of the form of the deed at or shortly after the time of its execution and delivery, and that he acquiesced in its form, and is, therefore, estopped from now seeking to reform the deed or from attempting to assert any other or different title than that specified in the deed."

The court thereupon directed a judgment for the plaintiff for partition and sale of the premises, with costs.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.