·Philip Casolo, Plaintiff, *v*. Lena Nardella et al., Defendants.

Supreme Court, Trial and Special Term, Saratoga County, December 6, 1948.

*M. James Conboy* for plaintiff.

*W. Joseph Shanley* for defendants.

Imrie, J. Plaintiff has moved for an order striking out defendants' answer and for interlocutory judgment of partition and sale, on the ground that the answer presents no triable issue

of fact or law and that the alleged agreements set forth in defendants' separate defenses are void and unenforcible under the Statute of Frauds.

In substance, the defenses attacked allege an oral agreement between plaintiff and defendants prior to the taking of the deed of the premises sought to be partitioned providing that they purchase the lot here involved as tenants in common, build a summer camp thereon for themselves and their families and bear equally the cost and expenses of purchase, building and maintenance. It is also alleged that, if thereafter either party desired to withdraw from the agreement, he would sell his share in the property to the others and accept as payment therefor the full amount of money originally invested therein by him; that no action of partition was to be instituted by either party against the other. Defendants further set forth that each of the parties, relying upon the agreement, proceeded with the purchase of the land, the erection of the dwelling and the sharing of expenses, and that plaintiff, on June 14, 1948, agreed to accept from defendants for his interest the sum of $900 (a sum slightly in excess of the sums alleged to have been expended by him) but that upon the tender of such price and the deed for execution, conveying his interest, he refused to perform and demanded $2,500 for a conveyance of his interest.

Counsel have submitted supplemental memoranda having to do with the effect of such an agreement upon the right to partition.

Partition between tenants in common is an absolute right under the common law. It is perpetuated in our statutes. At the most, however, it is a right accruing as an incident to the legal relationship of tenancy in common. The right is not so absolute in its application as to interfere with proper contracts between tenants in common or as to render it impossible for them to make contracts between themselves either at the time of the tenancy or thereafter, which contracts limit or control partition for, at least, a reasonable time. Such a limitation exists in this State. (*Baldwin* v. *Humphrey,* 44 N. Y. 609; *Brown* v. *Coddington,* 72 Hun 147; *Ogilby* v. *Hickok,* 144 App. Div. 61; *Buschmann* v. *McDermott,* 154 App. Div. 515; *Andron* v. *Funk,* 194 App. Div. 258; *Smith* v. *Smith,* 214 App. Div. 383.)

Partition between tenants in common, while a matter of right by common law and statutes, will not be awarded by equity to one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one through whom he claims. (*Chew* v. *Sheldon,* 214 N. Y. 344.)

Is an oral agreement sufficient to defeat the right of partition? In all but two of the cases above cited written agreements were involved. The official report of *Buschmann* v. *McDermott, (supra)* fails to indicate the character of the agreement. In *Smith* v. *Smith (supra)*, the court permitted partition over the provisions of an oral agreement, holding that proof thereof was improperly admitted on the trial.

The alleged oral agreement, purporting to have been made by the parties before the taking of the deed of the property in question, would create an estate or interest in real property. Its effect would be to impose upon the interest of each of the parties to the deed of conveyance a restriction operating in favor of each of the others to prevent a free transfer of such interest. An oral agreement for such a purpose is void by section 242 of the Real Property Law. Proof of an agreement made under such circumstances would operate to vary the terms of a written agreement, in this instance the deed of conveyance which, itself, is not shown to contain any expression which would in any manner vary the legal vesting in the grantees of a tenancy in common.

Defendants invoke equitable relief on the theory that there has been such a partial performance of the alleged agreement by all the parties as to remove the ban of the Statute of Frauds. For the purposes of this motion we deem their allegations admitted. Thus, we accept as facts that all the parties to that agreement did contribute equal sums for the purchase of the lot, the erection and maintenance of the dwelling and have used the property as tenants in common for four years.

I cannot hold that the defendants have set up a sufficient basis to call for the application of the doctrine of partial performance. None of the acts specified really changed the relation of the parties, nor have they so prejudiced any one of the parties in his relationship to the others or to the property as to make it a fraud for one of them to interpose the statute as a defense. The very mutuality of the acts of the parties negatives that thought. Each, it is true, has parted with some money and some labor or its equivalent. They have acquired a place for summer use presumably limited to the members of one family. These acts are frequently incidents of tenancy in common. They are explainable as the ordinary procedure in such a tenancy when real property is purchased and developed. They are not unequivocably referable to the alleged oral agreement. (*Marsh* v. *Marsh*, 222 App. Div. 825.)

Defendants seek to transform a tenancy in common into a quasi-joint tenancy. The Statute of Frauds forbids the accomplishment of such an end by parol. The very mutuality of the alleged performance prevents its use to avoid the ban of the statute. If one party chooses to waive the benefits of his acts of part performance, his adversary has no claim for relief founded upon it. (*Rathbun* v. *Rathbun*, 6 Barb. 98, 106; *Palumbo* v. *James*, 266 Mass. 1.)

The answer, without the separate defenses, raises no issue. Plaintiff may have an order striking out the answer and for judgment of partition.