Santry, J.
This action was brought to partition real property-owned by the parties as tenants in common and situate in the town of Stillwater, county of Saratoga and State of New York. The parties, who are a brother and two sisters, purchased the property involved and acquired title through a deed of conveyance dated June 17, 1944.
The defendants in their answer allege as affirmative defenses: that prior to June 17, 1944, the plaintiff and the defendants entered into an oral agreement to purchase the land described in the complaint and take title thereto in their names as tenants in common; to build a summer camp thereon for themselves and; their families, and to bear equally the costs and expenses of purchasing said lot and building said camp, and the cost and expense of maintaining said premises thereafter; that said parties further agreed, that they, together with their respective families, were to do the necessary work and labor required to build said camp; that it was also agreed that if any party thereafter wished to withdraw from said agreement, the one so withdrawing was to sell his or her share to the remaining party or parties, and to receive therefor the full amount of money that he or she originally invested therein to purchase said lot and construct said camp. The defendants further allege, that it was also agreed by the parties that no profit was to be made by any party on withdrawing on or from the labor performed by any other party or the members of his or her family in building said camp, and that it was the intention and purpose of the parties, and understood and agreed by all, that no action of partition would be brought by any of the parties against the others, but that rights of the parties should be determined in accordance with the terms of said agreement.
The answer further alleges, that thereafter the parties purchased said property and took title as tenants in common; that they purchased materials, and with the assistance of their families, erected a summer home thereon which they and their families occupied; that in June, 1948, the plaintiff notified the defendants that he wished to withdraw from the enterprise; that the defendants thereupon tendered to the plaintiff one third of the amount expended for the purchase of the lot and for the materials used in the building, representing the plaintiff’s original *504 investment, and demanded that he execute a conveyance of his interest to them; that the plaintiff refused to accept the tender or execute the conveyance, and thereafter brought this action for partition.
The plaintiff moved for an order striking out the defendants’ answer and for an interlocutory judgment of partition and sale on the ground that the answer presents no triable issue of fact or law, and the alleged agreement set forth in the defendants’ separate affirmative defenses is void and unenforeible under the Statute of Frauds. The motion was granted by the Special Term, and the defendants have appealed.
Section 242 of the Beal Property Law, so far as applicable to this case, provides: “ An estate or interest in real property, * * * can not be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing.” The alleged oral agreement pleaded in the answer attempts to create a reciprocal interest in the undivided ownership of each party in favor of the others. It imposes a restriction upon the free use and control of the interest of such tenant in common by limiting his right to dispose of such interest except to his cotenants and at a stipulated price. In effect it is a perpetual option to purchase in favor of two tenants in common whenever the third tenant desires to sell which prevents the third tenant from ever selling to strangers. (Beal Property Law, § 259.) Such an agreement would constitute the creation and grant of an interest in real property, and would have to be in writing to be valid under the statute.
The appellants contend that even if the alleged agreement to sell was required to be in writing, the alleged oral agreement not to bring partition is not within the purview of the Statute of Frauds, and constitutes a bar to this action. The right to partition is an incident to the ownership of the undivided interest of a tenant in common of real property. It is a valuable part of such interest in that it affords the owner a means of disposing of his interest which cannot be defeated by his co-owners. This right of partition is recognized and enforced both under the common law and by statute. This right, like that of other interests in real property, may be limited or surrendered entirely by one tenant in common to the other tenants in common, and when this has been done by agreement it operates as a defense to a partition action brought in violation of such agreement. (Chew v. Sheldon, 214 N. Y. 344; Ogilby v. Hickok, 144 App. Div. 61, affd. 202 N. Y. 614; Andron v. Funk, 194 App. Div. 258.) *505 However, when one tenant in common by agreement relinquishes his right to bring partition, he surrenders to the other tenants a valuable vested interest in his ownership in the property. The surrender of an interest in real property is required to be in writing under the Statute of Frauds. (Beal Property Law, § 242.)
Several cases are cited by the appellants to sustain their contention that an agreement not to partition is a bar to a partition action. In all of these cases, with the possible exception of Buschmann v. McDermott (154 App. Div. 515), the agreements not to bring partition were in writing. In the Bnschmann case it does not appear that the Statute of Frauds was pleaded or considered.
That portion of the alleged agreement which referred to partition was incidental to the main purpose, which was to provide for the transfer of the interest of a party seeking to withdraw, and to fix the price to be paid. It was even superfluous and useless, for if the alleged contract was binding, none of the parties could resort to partition without violating the agreement. In addition, the whole alleged agreement was made prior to the execution of the deed under which the parties hold. All prior agreements relating to title and ownership are presumed to be merged in the written instrument. To establish the alleged agreement would require the reception of parol evidence to vary the terms of the deed. This was rejected in Smith v. Smith (214 App. Div. 383).
The appellants contend that even if the agreement was required to be in writing there has been a sufficient part performance thereof to take the same out of the operation of the Statute of Frauds. This contention is not Avell founded. The basis on Avhich a court of equity aat.11 intervene to compel the performance of an oral contract, void under the statute, is that of fraud. It is only where one party has so far performed under the agreement that a refusal by the other party to complete the agreement would result in such substantial damages to the first party as to amount to fraud on the part of the second party, that performance Avill be required. (Wood v. Rabe, 96 N. Y. 414; Canda v. Totten, 157 N. Y. 281; Smith v. Smith, 125 N. Y. 224; McKinley v. Hessen, 202 N. Y. 24.) There must be fraud and resulting damage. In the present case there is neither. The parties all contributed equally of their money and work in buying the property and constructing the building. All used the property, together with their families. If the property is sold *506 under partition each party will receive one third of the net proceeds. Refusal to carry out a void contract does not constitute fraud. (Levy v. Brush, 45 N. T. 589.)
The order should be affirmed, with costs.
Heeeebnan, Bbewsteb, Deyo and Beegan, JJ., concur. \ Order affirmed, with $10 costs.' [See post, p. 1009.]