FOURTH DEPARTMENT, JUNE, 1955.

(June 9, 1955.)

FRANCES M. BULLOCK, Respondent, v. FRANCES M. B. HARTBURG, Appellant.

*Per Curiam.* The plaintiff mother has brought this action under article 15 of the Real Property Law, seeking an adjudication that the defendant daughter has no right, title or interest in certain premises, title to which was taken in the names of the mother and daughter as joint tenants. Both the contract of purchase and the purchase bond and mortgage were signed by both the mother and the daughter. The amended complaint alleged, and the court below found, that the daughter was to be only a nominal owner and that the arrangement was temporary only. The evidence does **not** bear out these contentions. Admit-

tedly, at least one of the reasons for having title taken in both names was to create a right of survivorship.

The property was purchased for the purpose of permitting the continuance of the rooming house business. Following the marriage of the daughter, the mother continued to occupy the entire premises without objection from the daughter, and the mother continued the operation of the rooming house business. Under these circumstances, the mother is not accountable to the daughter for use and occupancy (*Le Barron* v. *Babcock,* 122 N. Y. 153, 157). Whether the daughter would have a right to demand a partition of the premises, or whether the arrangement between the mother and the daughter was such that the mother is to have life use of the premises so long as she continues to conduct a rooming house, were not considered by the court below, because those questions were not within the issues raised by the pleadings, and thus are not before this court upon this appeal.

While the mother alleged in her amended complaint, and the court below apparently found, that the daughter agreed at any time upon demand to execute documents which might be necessary to vest the entire record title in the mother, the testimony on behalf of the mother did not support this contention. However, at one point, the mother did testify that at the time title was taken in both names, the daughter had stated "if she got married so she had support she would deed it back to me." Nevertheless, the court below did not find to this effect, and the other evidence in the case and the surrounding circumstances do not support the mother in this regard.

The judgment insofar as it dismisses the counterclaim of the defendant should be affirmed. Otherwise the judgment appealed from should be reversed and the amended complaint dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment insofar as it dismisses the counterclaim affirmed; otherwise judgment reversed on the law and facts and amended complaint dismissed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed and new findings and conclusions of law made.