G. Robert Witmer, J.
Plaintiff has moved for summary judgment in its action to recover the sum of $3,905 paid by it to defendants in April, 1956 as the cash payment under a contract wherein defendants were to' procure certain gravel pit *189 equipment for plaintiff with such cash and with the proceeds of a $10,000 conditional sales agreement executed or to he executed by plaintiff. The plaintiff alleges that the defendants represented that they had already arranged with a bank to accept such conditional sales paper and advance the money thereon, but that in fact they had not made such arrangements, and were not able to carry out their agreement. Plaintiff alleges that as a consequence the contract was terminated, and plaintiff demanded the return of its $3,905 payment; but defendants have failed and refused to pay the same.
Defendants deny that they made the representation claimed by plaintiff, and assert that the failure and refusal of plaintiff to secure appropriate credit on the conditional sales paper was the cause of their inability to perform the contract. Defendants also set up a counterclaim, alleging that after it was found that the conditional sales paper could not be financed, the original contract was terminated by mutual agreement, and a new oral contract was made whereby plaintiff would pay the $10,000 balance in cash as the equipment was delivered.
Plaintiff’s motion against this counterclaim is granted, because the counterclaim is insufficient in law by reason of the Statute of Frauds, there having been no payment and no delivery referable to such alleged oral contract (Personal Property Law, § 85). Defendants’ contention that the original payment of $3,905 made under the written contract was, pursuant to the new oral agreement, applied on the latter is also insufficient as a matter of law, as is the contention that a piece of equipment was delivered and accepted by plaintiff under the original contract, and applied on the new oral contract. (Such acceptance is, however, denied by plaintiff.) Any payment or part performance must be clearly referable to the oral contract, in order to take it out of the Statute of Frauds, and must be made thereunder, not prior thereto. (Young v. Ingalsbe, 208 N. Y. 503; Maher v. Randolph, 275 N. Y. 80; Russeks Fifth Ave., Inc., v. Kaplan, 106 N. Y. S. 2d 661.)
The motion for the entry of summary judgment against defendants in the sum of $3,905 for the money advanced under the original contract, however, is denied.
Defendants contend that the contract was terminated by reason of the fault of the plaintiff, and that before its termination defendants expended the said $3,905 or the major part thereof in the performance of their part of the contract for the plaintiff. A question of fact is raised in that respect, which this court may not resolve on this motion.
Submit order accordingly.