Walter R. Hart, J.
Motion by plaintiff for an order striking out defendant’s answer as sham and frivolous, striking out defenses and counterclaims on the ground that they do not state facts sufficient to state a cause of action and that the defenses constituting new matter are insufficient at law, that the defenses are not such as may be properly interposed and are unenforeible under the Statute of Frauds, and for judgment.
The action .is for partition of real property owned by the plaintiff and defendant as tenants in common. Defendant admits the allegations of the complaint and alleges as a first separate and distinct defense that the parties agreed not to sell the premises to anyone except each other or institute any *279 proceeding for the sale of the property, that either party might demand that the other purchase same and that the purchase price should be the amount originally paid on account of such purchase price, that plaintiff vacated the premises and demanded that defendant purchase her interest, that defendant tendered the amount paid by plaintiff on account of the purchase price but that plaintiff refused to accept such sum and has refused to execute a deed to defendant. Defendant also alleges, as a counterclaim, that defendant has advanced various sums of money on account of principal and interest on the mortgage on the property and for taxes, improvements and repairs and that defendant is entitled to reimbursement therefor. Plaintiff's reply sets up the defense of the Statute of Frauds and the further defense that the counterclaim is insufficient at law.
When a tenant in common by agreement relinquishes the right to bring partition, he surrenders to the other tenants a valuable vested interest in his ownership of the property. The surrender of an interest in real property is required to be in writing under the Statute of Frauds (Real Property Law, § 242). In addition, the whole alleged agreement was made prior to the execution of the deed under which the parties held. All prior agreements relating to title and ownership are presumed to be merged in the written instrument. To establish the alleged agreement would require the reception of parol evidence to vary the terms of the deed. This was rejected in Smith v. Smith (214 App. Div. 383); Casolo v. Nardella (275 App. Div. 502, 505, motion for leave to appeal denied, 300 N. Y. 549).
Defendant’s claim of part performance to avoid the operation of the Statute of Frauds is untenable since the part performance is not unequivocal in character to establish the agreement. (Wooley v. Stewart, 222 N. Y. 347.) Defendant’s defenses are sham and frivolous and insufficient at law under the Statute of Frauds. The counterclaim does not raise any triable issue but merely involves an accounting which is a necessary incident of almost every partition action and is had as a matter of right before the entry of either the interlocutory or final judgment. (Civ. Prac. Act, § 1075; 8 Carmody on New York Practice, §§ 537-546; Zaveloff v. Zaveloff, 37 N. Y. S. 2d 46, 52.)
The motion is granted. The answer is stricken and the counterclaim dismissed. Settle order.