G-. Robert Wither, J.
Plaintiff has moved under rule 103 of the Rules of Civil Practice to strike out of the amended answer herein the denials contained in paragraph “ 3 ” thereof and each and every affirmative defense as sham, frivolous, and unnecessary. In her complaint plaintiff seeks a judgment for partition of a house and lot located at No. 103 Dartmouth Street, Rochester, New York, title to which was taken in the names of plaintiff and her mother, the defendant, Frances Maud Bullock, “ as joint tenants with the right of survivorship ” by deed dated August 7,1943 and recorded the same day in Monroe County Clerk’s office in Liber 2141 of Deeds at page 293. After obtaining title to the premises at that time, the parties moved into possession. Subsequently the daughter married. Thereafter apparently some differences arose between the mother and daughter, and the latter moved out. The mother then started an action against the daughter under article 15 of the Real Property Law, seeking a determination that the daughter had no interest in the realty. She was unsuccessful in that action. (Bullock v. Hartburg, 286 App. Div. 918.) About a year after such determination the daughter instituted this action to partition.
*853 In paragraph “ 3 ” of her amended answer the mother makes a general denial of paragraphs “ 7 ”, “ 9 ”, and “ 10 ” of the complaint, except that she admits the record status of the title to the premises. The effect of this answer is to deny that plaintiff and defendant are in fact joint tenants of the premises and that each is seized of an undivided one-half interest therein. Plaintiff contends that this answer is sham and frivolous in view of the decision of the court in the prior action. (Bullock v. Hartburg, supra.) In the memorandum accompanying the decision therein the court said in part: ‘ ‘ Admittedly, at least one of the reasons for having title taken in both names was to create a right of survivorship. * * * Whether the daughter would have a right to demand a partition of the premises, or whether the arrangement between the mother and the daughter was such that the mother is to have life use of the premises so long as she continues to conduct a rooming house, were not considered by the court, because those questions were not within the issues raised by the pleadings, and thus are not before this court upon this appeal.”
Thus the court did not adjudicate the exact nature of the interests of these parties in said property; and defendant is entitled to raise the issue by her said general denial. This portion of plaintiff’s motion is therefore denied.
In paragraphs “ 4 ”, “ 5 ”, and “ 6 ” of her amended answer the mother sets up as her first separate defense the allegations that prior to the talcing of title to said premises by plaintiff and defendant on August 7,1943, they entered into an oral agreement that the premises when purchased would be used and occupied by defendant as a rooming and boardinghouse, “ and that so long as it was so operated defendant would have a full use thereof and a right to all profits arising therefrom ”; that at the time of said agreement defendant wished to make permanent and valuable improvements in the premises to render them more suitable as a rooming and boardinghouse and that said improvements were made by defendant, with plaintiff’s knowledge and consent, at great expense to defendant; and that defendant entered into possession of the premises and has ever since operated the same as a rooming and boardinghouse; and defendant claims the right to continue such occupation for life, provided she so operates a rooming and boardinghouse therein.
Plaintiff contends that this first separate defense, being founded on an oral agreement, is invalid because of the Statute of Frauds.
*854 It is true that any oral agreement which defendant may have had with plaintiff prior to the conveyance was merged in the deed; and since no part of the agreement is embodied in the deed, without more it can have no validity. (Real Property Law, § 242, Smith v. Smith, 214 App. Div. 383; Casolo v. Nardella, 275 App. Div. 502, affg. 193 Misc. 378.) Defendant contends that the first separate defense is not within the Statute of Frauds because of the allegations that with plaintiff’s knowledge and consent defendant made expensive and valuable permanent improvements in the premises to render them more suitable for defendant’s use as a rooming and boardinghouse so long as she wished, and that defendant operated the rooming and boardinghouse therein for 14 years pursuant to said agreement without objection by plaintiff. The claim that defendant alone invested money and increased the value of the property distinguishes this case from that of Casolo v. Nardella (supra).
It is fundamental law that a court of equity will not permit the Statute of Frauds to be used to perpetrate a fraud. Particularly in transactions between close relatives, as here, where at the time of the alleged agreement the parties were in a position of confidential relationship, the court will give redress where an oral agreement has been violated, when it is shown that the party wronged acted to his detriment in reliance upon the agreement, that the action was unequivocally referable to the agreement, and that the other party would gain an unearned and unconscionable benefit if relief were denied. (Wood v. Rabe, 96 N. Y. 414; Smith v. Smith, 125 N. Y. 224, Canda v. Totten, 157 N. Y. 281; and McKinley v. Hessen, 202 N. Y. 24, 30-31.) Defendant’s pleading brings the case within the above rule, except possibly with respect to whether her acts were unequivocally referable to the alleged oral agreement. If they were not, defendant cannot succeed. (Woolley v. Stewart, 222 N. Y. 347, 352-353; Rosenzweig v. Salkind, 5 A D 2d 58, 60-61; Linden Trans-Mix Corp. v. Griffin, 5 Misc 2d 188.) It may be that after trial of the issue raised by this defense the court will find that defendant’s acts were not so referable; but this court cannot at this time strike the pleading as sham and frivolous. Defendant is entitled to her day in court on this issue. (Purdy v. McGarity, 262 App. Div. 623, 625.) Accordingly the motion to strike the first separate defense is denied.
In the second separate defense, contained in paragraph “ 7 ” of the amended answer, defendant avers that the property involved in this action is the same as that involved in the action by the defendant against the plaintiff which was dismissed by *855 the court (286 App. Div. 918, supra); that this plaintiff’s right to possession and to partition were not litigated in that action and have not been determined, and that if plaintiff has any interest in the property, it is not one which will enable her to maintain this action in partition. These allegations constitute mere statements of fact and arguments of legal rights. They are unnecessary, since the general denials of the amended answer are sufficient to support such contentions. The motion to strike is therefore granted with respect to said paragraph “ 7 ” of the amended answer.
In paragraphs ‘{ 8 ”, “ 9 ”, and “ 10 ” of her amended answer defendant alleges her third separate defense, asserting therein that with knowledge of the facts alleged in her complaint plaintiff waited 14 years before demanding her alleged rights and attempting to partition, and during this period permitted defendant to act to her detriment; and hence that plaintiff’s action is barred by laches.
Unless defendant proves the defense alleged in her first separate defense, to wit, that she made permanent improvements pursuant to plaintiff’s agreement that defendant could use the premises for a rooming and boardinghouse so long as she wished and that the improvements were unequivocally referable to such agreement, it would be assumed that the improvements were made at defendant’s own instance at her own risk to enable her better to operate the rooming and boardinghouse business which she unilaterally undertook to operate. Under such circumstances plaintiff would owe no duty to defendant to act to deter her from improving the property. (Cosgriff v. Foss, 152 N. Y. 104.) Hence, this defense is founded upon the first defense. It is unnecessary and not valid in law; and plaintiff’s motion to strike it is granted.
In paragraphs “11” and “ 12 ” of her amended answer defendant further alleges a separate partial defense that over a 14-year period she has expended substantial sums “ in maintaining, repairing, improving, insuring and otherwise benefiting the said property, and in herself paying the mortgage principal, interest and taxes on said property ”, to the knowledge of plaintiff and without objection or contribution from her, and that ‘ ‘ in equity and in good conscience ’ ’ plaintiff should contribute her part of said expense.
This defense raises no triable issue in plaintiff’s action for partition. (Cosgriff v. Foss, 152 N. Y. 104, supra,) Bather than serve as a bar to partition, it shows the need thereof, as a necessary incident to which there will be an accounting and *856 determination, of equitable rights in the proceeds before entry of interlocutory or final judgment. (Steinberg v. Singer, 5 Misc 2d 278; Zaveloff v. Zaveloff, 37 N. Y. S. 2d 46, 52, and cases therein cited.) This partial defense is, therefore, also dismissed as constituting no bar to the right of partition, without prejudice to the right of defendant to have the items of such claim received and determined if and when an interlocutory judgment of partition is awarded to plaintiff.
Submit order accordingly.