■ BERTHA M. HERRINGTON, Appellant, v PAUL N. HERRINGTON, Respondent. — Appeal from that part of an order of the County Court of Saratoga County, entered June 16, 1980, which denied plaintiff's motion for summary judgment on her first cause of action. Approximately two months before their divorce, plaintiff and defendant executed a written separation agreement which was later incorporated into but not merged with the final degree of divorce. Plaintiff, in May of 1979, commenced this action seeking (1) partition of their former jointly owned marital home now owned by the parties as tenants in common and in which the husband resides, and (2) recovery of $7,105.60 from the proceeds of a certain mortgage. County Court granted plaintiff's motion for summary judgment on the second cause of action but denied summary judgment on the partition action. The court ruled that article 7 of the separation agreement was a valid contractual waiver of the right to seek partition. This appeal ensued. The order denying summary judgment to plaintiff on the first cause of action should be affirmed and judgment entered in defendant's favor in the partition action. Article 7 of the separation agreement provides: "The husband will reside in the home owned jointly by the parties located on Route 9P, Saratoga Lake, New York, until such time as the parties agree to sell the house. The net proceeds of the sale of said home after payment of all expenses including a mortgage will be divided equally between the parties." Plaintiff's contention that article 7 is void as an undue restraint against alienation of property because it does not contain a definite time or an express contingency which will terminate the agreement is rejected. Although agreements lacking such limitation generally are proscribed as restraints on alienation of property, an agreement which prohibits partition and allows the co-owners to convey title only if they all agree on a price is not a restraint against alienation (Buschmann v McDermott, 154 App Div 515; 45 NY Jur, Perpetuities and Restraints on Alienation, § 95). Here, as in Buschmann, there are two contingencies, and the occurrence of either one would terminate the agreement. The first is the parties' agreement to sell the property and the second is the death of either party. The duration of the agreement is dependent on the happening of either contingency, and there is thus no undue restraint against alienation of property by virtue of article 7. Further, although the instant separation agreement is a contract and subject to the law of contracts, it also involves a fiduciary relationship between spouses and, therefore, must be scrutinized more closely than an ordinary business contract (Christian v Christian, 42 NY2d 63, 71-73). Moreover, the right of partition in a divorce case is not absolute but is subject to the equities of the situation (Ripp v Ripp, 38 AD2d 65, 68-70, affd 32 NY2d 755). The parties voluntarily drew up this agreement after consultation with their attorney. Article 7 gives the husband the right to reside in the marital home indefinitely. The language chosen indicates that the parties intended that neither would seek partition. Partition of the property simply would not be compatible with the grant of exclusive possession. The equities of the situation do not weigh in favor of plaintiff. She does not suggest that defendant coerced her to agree to the contested provision nor does she contend that he is

acting in bad faith in refusing to sell. She makes no claim of financial need. She makes no assertion of the employment of any undue influence against her. Under these circumstances, equity will not permit partition at the request of plaintiff in violation of her own agreement *(Chew v Sheldon,* 214 NY 344, 349; 14 Carmody-Wait 2d, NY Prac, p 384). Since no triable issue of fact is presented, summary judgment should be entered in favor of defendant on the partition action. Order modified, on the law, by adding thereto a provision granting summary judgment to defendant on the first cause of action, and, as so modified, affirmed, with costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.