# CHARLESTON.

SEIM *et al v.* O'GRADY *et al.*

Submitted February 3, 1896—Decided April 4, 1896.

1. CURTESY—SEISIN IN FACT—JUDICIAL SALE.

By virtue of a decree of confirmation of a judicial sale of vacant and unoccupied lots or lands, the purchaser has, by construction of law, such possession as amounts to such seisin in fact as will entitle the husband of such purchaser to curtesy in such lots or land.

2. EQUITY PLEADING—ANSWER—GENERAL REPLICATION.

Affirmative allegations of an answer, not constituting a claim for affirmative relief, but controverting the allegations of a bill not sworn to, are put in issue by a general replication, and the burden of proving the same is on the defendant.

OKEY JOHNSON and WATTS & ASHBY for appellants, cited 2 Jones Eq. (N. C.) 510; Code, c. 65, s. 15; Acts 1882, c. 86; 18 W. Va. 455; 24 W. Va. 95; 1 Lom. Dig. § 64; 2 Blackstone, 208; 4 Kent, 29; 1 Kerr, R. Prop. § 723, 725; 2 Tuck. 57; 2 Minor, 124; 1 Washburn, 130; Stewart, Hus. & W. § 155; Boone, R. Prop. § 46; 1 Pet. 503; 9 B. Mon. 59; 10 B. Mon. 48; 13 B. Mon. 420, 467; 1 How. 37; 75 Va. 129; 88 Tenn. 595; 42 Vt. 686; Code, c. 139, s. 7; Code, c. 41, s. 6.

S. S. GREEN and J. M. PAYNE for appellees cited 4 Am. & Eng. Enc. Law, 945; 21 Id. 1057; 1 Lom. Dig. (2nd Ed.) 77; 1 Pet. 503; 1 Greenl. Cruise R. Prop. 152, note; 4 Kent's Comm. 29, 30; 26 W. Va. 369; Code c. 71, s. 4.

DENT, JUDGE:

Henry Seim & Co., plaintiffs, instituted suit in the Circuit

Court of Kanawha county to subject the real estate of defendant James O'Grady to the payment of judgment liens, and obtained a decree on the 10th day of January, 1895, from which the defendants appeal.

The real controversy in the suit is whether James O'Grady, the defendant and judgment debtor, was tenant by curtesy in a ten acre-tract of land purchased by his wife, Honoria O'Grady, now deceased, at a judicial sale, confirmed by decree; but for which no deed was made to her, nor did she take actual possession thereof and occupy the same.

After her death the commissioner executed the deed for the land to her children, parties defendant, in which he acknowledged payment of the purchase money in full by her.

Defendants set out in their answers that she only paid one-third of the purhase money, and the residue thereof was paid by certain of the defendants after her death. There was a general replication to these answers; and, the recitals of the deed establishing a *prima facie* case of the payment of all the purchase money by Honoria O'Grady, the burden was on the defendants to rebut such case by proper proofs as to the affirmative allegations of their answers; and, failing to do so, the presumption is against them as to the purchase money being otherwise paid.

This, then, leaves the naked question as to whether Honoria O'Grady had such possession of the land as would entitle her husband to curtesy therein. In the case of *Fulton* v. *Johnson*, 24 W. Va. 95, this Court determined the law to be that a wife must have been seised in fact during her lifetime of the land in controversy to entitle a husband to curtesy therein, and that a mere seisin in law is not sufficient for this purpose. So it was held in the case of *Carpenter* v. *Garrett*, 75 Va. 134, and in the latter case the two kinds of seisin are defined thus: "Seisin in fact or in deed, as Lord Coke calls it, or actual seisin, means possession of the freehold by the *pedis positio* of one's self, or one's tenant or agent, or by construction of law, as in case of a commonwealth's grant, a conveyance under the statue of uses; or, doubtless, of grants or devises, where there is no actual advesre occupancy. Seisin in law is a right to the possession of the freehold when there is no adverse occupancy thereof, such as

exists in the heir after descent of lands upon him before actual entry by himself or his tenant."

Honoria O'Grady purchased the land in controversy at judicial sale, the sale was confirmed, and a deed was authorized to be made to her on payment of the purchase money in full. On the confirmation of the sale she was immediately entitled to a writ of possession, to place her in possession of the land, as against any one adversely holding the same. But, the land lying open to the commons, and no one having or in any manner disputing the possession thereof, such writ was entirely unnecessary, as the land was wholly at her command. Such being the condition of the land, on the confirmation of the sale she was, by construction of law, in actual possesssion thereof, although not in personal or actual occupancy, for there was none her right to dispute. Vacant lots, while not fenced, are not in the actual occupancy of the undisputed owner; but they are in his constructive possession, or seisin in fact, for the law raises around them an invisible fence, which renders every one a trespasser thereon, entering without his consent, express or implied. In other words, he has all the possession, undisputed, which the law can give, without, by his own action, he in some manner personally occupies the lots. So, by the decree of confirmation, the law says to the purchaser: "There is your property. It is entirely unoccupied. No one claims it, and from this time it will be regarded as constructively in your possession. The question of occupation is with you. The question of seisin in fact is settled for you." Mrs. O'-Grady had not only seisin in law, but, by construction of law, seisin in fact, of the land in controversy, and her husband was entitled to be tenant by curtesy therein. If the defendants had shown in evidence that the purchase money was not fully paid by Mrs. O'Grady during her lifetime, which they could easily have done, if such were the case, by the commissioner of sale, then those paying any balance of the purchase money might have been entitled to be substituted to the rights of the commissioner, as against the right of curtesy; but, although they had the opportunity, they introduced no such proof. The curtesy of James O'Grady, once attaching to the land, was not divested by the deed of the

commissioner, in which he did not join, and he did not make a separate deed for it. Hence it remained in him, and the judgment liens attached to it.

Defendants have no right to complain because a personal decree was not taken against them for the liens. Uncontroverted allegations of the bill are sufficient as to the issue and return of the execution. The court could not make any other decree than that the curtesy should be sold, unless all the debts decreed for were paid, as there was no way of determining the value of the life estate except by a public sale thereof. The buyer of the life estate does so at his own risk. It is a mere matter of speculation, dependent upon the probable life of James O'Grady, and amounts to no more than the rental of the property for days or years. It is true that the Code furnishes a way of ascertaining the probable value of such life estate, but in a case of this character this could only be done by agreement of parties.

Finding no apparent error in the decree complained of, it is affirmed.