In the Matter of the Claim of JANE E. STRAIL, Appellant, against THE ESTATE OF JANE E. SUTER, Deceased, Respondent.*

Fourth Department, March 18, 1931.

*Charles B. O'Connell*, for the appellant.

*Peter G. Smith*, for the respondent.

TAYLOR, J. On October 16, 1924, decedent Jane E. Suter changed a balance of $2,142.96 standing as a deposit in her name in the Security Trust Company of Rochester, N. Y., to a deposit in the names of herself and Jane E. Strail, the claimant, the words " either or the survivor may draw " being then stamped at the

---

* Affg. 138 Misc. 85.

head of the account in the bank book. The presumption is that this created a joint tenancy. (Banking Law, § 198.) The same presumption would have existed had the money been deposited in a bank or a savings bank. (Banking Law, §§ 148, 249, subd. 3.) This presumption was rebuttable at any time during the lives of both joint tenants; but upon the death of either, the presumption became irrebuttable as to any balance then remaining in the account. On February 24, 1927, decedent withdrew from the account the sum of $469.65, and on February 18, 1928, she withdrew $445.13. The amount first drawn was either deposited by decedent to her sole account in the East Side Savings Bank of Rochester, N. Y., or used otherwise for her own purposes, and the second amount withdrawn was used to buy five shares of stock of the Hupp Motor Car Corporation and five shares of Inland Steel. These shares of stock were not delivered to decedent, but after her death were delivered to the administratrix of her estate, by whom all of the stock was later sold and the proceeds, $829.83, deposited on January 18, 1929, in the estate account in the East Side Savings Bank.

Decedent as a joint tenant was seized *per my et per tout* of the fund after it stood in the names of decedent and claimant; that is, decedent would become the absolute owner of all moneys still on deposit in case she survived claimant, and during the lifetime of both decedent had the right to withdraw any part or the whole of a moiety and dispose of it as she saw fit. (*Moskowitz* v. *Marrow*, 251 N. Y. 380, 398; *Matter of McKelway*, 221 id. 15, 19.)

Two recent cases dealing with joint tenancies are *Moskowitz* v. *Marrow* (*supra*) and *Marrow* v. *Moskowitz* (255 N. Y. 219). The first of these cases bears but incidentally upon the case at bar. The opinion in the other case is to the effect that when a joint tenant, during the lifetime of the other tenant, withdraws the whole, or more than a moiety of a sum on joint deposit in a savings bank or trust company, under circumstances such as to create the inference that the withdrawing tenant proceeds under a claim that the original deposit was not one in joint tenancy, such withdrawal will not be effective to any extent against the surviving joint tenant, in a controversy between the surviving tenant and the representatives of the deceased tenant, in the absence of proof to sustain the claim of the withdrawing tenant as to the character of the original deposit. (*Moskowitz* v. *Marrow*, *supra*, 396, 397.) This is upon the theory that such a withdrawal, for such a reason, must fail *in toto* because it is made under an unsustained attack upon the character of the tenancy when instituted and does not rest upon a valid claim of right.

These cases are not in derogation of the rights of this respondent. There is no claim in the instant case that the common account as instituted and continued did not constitute a joint account. There is no proof or assertion in the record that the decedent made the withdrawals with such a claim in mind. It is, therefore, immaterial whether or not the withdrawals severed the joint tenancy or whether or not decedent, had she outlived claimant, would have had a right of survivorship. The claimant has fully exercised her survivorship rights. The amounts withdrawn by decedent aggregated less than a half of the whole account and under the existing circumstances the decedent was quite within her rights in making the withdrawals and in disposing of the money as she did.

The decree appealed from should be affirmed, with costs against claimant.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Decree affirmed, with costs against appellant.