LAURA STARCHER *et al. v.* UNITED FUEL GAS COMPANY

(No. 7403)

Submitted February 15, 1933. Decided February 28, 1933.

*H. A. Ritz, B. J. Pettigrew,* and *Raymond Dodson,* for appellant.

*S. P. Bell,* for appellees.

MAXWELL, PRESIDENT:

This is a suit for partition of oil and gas.

The plaintiffs are the joint owners of an undivided one-half interest in the oil and gas (with right of exploration and removal) underlying a tract of 15½ acres of land in Roane County. The defendant is the owner of the other undivided one-half of said minerals with right to drill for and remove the same. Plaintiffs, alleging in their bill that the oil and gas are not susceptible of partition in place and that the interests of the parties, both plaintiff and defendant, will be promoted by a sale of the oil and gas, pray for sale thereof and distribution of the proceeds. From a decree directing sale of the property defendant has obtained this appeal.

The cause was submitted on bill, answer and general replication. In its answer the defendant says that ''it may be true, as alleged in the said bill of complaint, that the oil and gas underlying said 15½ acre tract of land is not susceptible of partition in kind and that the same can only be partitioned by the sale thereof, but respondent says, and here calls the court's particular attention to the fact'' that there was then pending in the same court an undetermined suit in chancery for the purpose of establishing an outstanding interest in a tract of fifty acres formerly owned by one Jehue Wilmouth (ancestor of the plaintiffs) whereof the said 15½ acres was originally a part, and that the said suit directly affected the oil and gas sought to be partitioned in the instant suit. Because of the pendency of such suit, the defendant took the position that the instant suit should be stayed until the other suit should be determined, or that the bill in the instant suit should be amended so as to make parties thereto all persons

who were parties to the other suit and not already included in the instant suit. The action of the court in disregarding this request in both of its aspects is assigned as error.

In justification of the court's said action, it is urged by the plaintiffs that the statement or averment of the defendant with reference to the pendency of the other suit, appearing in the record only as a part of defendant's answer, carries no significance, because, it is said, the general replication put in issue all matters pleaded in the answer. Reliance is made upon settled law: "Affirmative allegations of an answer, not constituting a claim for affirmative relief, but controverting the allegations of a bill not sworn to, are put in issue by a general replication, and the burden of proving the same is on the defendant." *Seim* v. *O'Grady*, 42 W. Va. 77, 24 S. E. 994. But that principle of law does not fit into a situation such as at bar. The quoted rule refers to litigable matters involved in a suit. Such is not the character of the matter in hand. The purpose of the suggestion or averment was in no wise to affect the merits of the controversy but merely to call to the court's attention the fact that another suit was pending in the same court having direct bearing on the subject matter in controversy in the second suit. The general replication, therefore, did not put that suggestion or averment in issue. We do not approve the practice of incorporating in an answer an averment or suggestion of the pendency of another suit affecting the matter in controversy in the suit where the answer is filed. It is better for such suggestion to be presented to the court in a separate manner, not involved in the entanglements of an answer or other formal pleading. But, the fact of the pendency of the other suit having been called to the court's attention by the answer, the information should not have been ignored. A statute provides: "Whenever it shall be made to appear to any court, or to the judge thereof in vacation, that a stay of proceedings in a case therein pending should be had until the decision of some other action, suit or proceeding in the same or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order. But no application for such stay shall be entertained in vacation until reasonable

notice thereof has been served upon the opposite party.'' Code 1931, 56-6-10.

It being made to appear from the suggestion or statement in the answer that there was another suit pending, the court should have acted in compliance with the requirement of the statute quoted, and have stayed the proceedings in the instant case. Of course, the suggestion of the pendency of another suit could easily be verified from the court's own records or disproved if not true.

As appears from the above quoted portion of the answer, the defendant neither affirms nor denies that a sale of the property will be to the advantage of the parties in interest. And, though the bill avers that such sale will be to the advantage of the parties, there is no proof. In a partition suit, before there can be a sale, ''there must be an affirmative showing of the propriety of sale.'' *Smith* v. *Greene,* 76 W. Va. 276, 85 S. E. 537, 538. It is not enough that there be admission that the property is not susceptible of partition in kind. As held in *Garlow* v. *Murphy,* 111 W. Va. 611, 163 S. E. 436, there must be more—either admission or proof that the interests of the co-tenants will be promoted by a sale of the subject matter and distribution of the proceeds. One's interest (in kind) in real property may not be taken away from him under the guise of partition save in the manner provided by statute.

The *Garlow* case was decided under the statute as it appeared in Code 1923, chapter 79, section 3, which authorized sale in a partition suit ''if the interests of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue.'' Code 1931, 37-4-3, changes this phraseology. Under the amended statute a sale may be had in a partition suit ''if the interests of one or more of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, and the interests of the other persons so entitled will not be prejudiced thereby.'' Whatever may have been the reason for this change, it certainly does not relieve him who seeks partition by sale from the burden of establishing the propriety thereof. Instead of being required to establish, as

required by the old statute, that the interests of the co-tenants will be promoted by a sale, he must now establish that his interests will be promoted and that the interests of other co-tenants will not be prejudiced.

For the two reasons considered we are of opinion to reverse the decree of the trial chancellor and remand the cause for further proceeding not at variance with the principles herein discussed.

*Reversed and remanded.*