James S. Brown, J.
Motion by plaintiff for an order, pursuant to rules 104 and 109 of the Buies of Civil Practice, respectively, striking the separate defense contained in defendant’s amended answer on the ground that it is sham and frivolous and on the further ground that the same is legally insufficient. The action is one for partition of certain realty.
The separate defense which is attacked on this motion alleges in substance that the plaintiff and defendant and their respective husbands had been, up to April, 1952, the sole officers, directors and stockholders of a business known as Service Candy Co., Inc. (hereinafter referred to as “ Service Candy ”), which was the fee owner of the subject realty at the time, and was in possession thereof; that in April, 1952 defendant and her husband sold their stock interest in Service Candy to plaintiff and her husband; that as consideration for such sale, Service Candy conveyed ownership of the realty to plaintiff and defendant and, as further consideration for the entire transaction, plaintiff and defendant leased the premises to Service Candy for a period of 10 years, expiring in February, 1962, at a rental of $200 a month; that it will be impossible to obtain bids from prospective purchasers at a sale of the premises or to obtain a fair price for the premises since the aforesaid rental of $200 monthly is grossly less than the fair rental value of the property which is $650 a month; that the fair value of the realty based on the fair rental value of $650 monthly is $75,000, whereas the present sale value based on the monthly rental of $200, fixed in the lease, is $35,000; that by reason of the low rental fixed in the lease, only Service Candy, or plaintiff who is in control of Service Candy, will be in a position to purchase the property at such inadequate price.
Plaintiff contends that the aforesaid defense contained in defendant’s amended answer is sham by reason of the fact that it is no different in substance from the defense sought to be asserted in the original answer and which was stricken by Mr. Justice Brenner as legally insufficient.
*948 Such contention cannot be sustained because the amended answer supersedes the original and must be considered in toto and de novo (Westinghouse Elec. Corp. v. Lyons, 281 App. Div. 820; New York Insulated Wire Co. v. Westinghouse Elec. & Mfg. Co., 85 Hun 269). Nevertheless, the defense sought to be asserted in the amended answer must be stricken, pursuant to rule 109 of the Rules of Civil Practice, for insufficiency. Partition between tenants in common or joint tenants is an absolute right under common law and that right is perpetuated in the statutes of this State. It is true that equitable principles may be controlling in actions of this character, if the situation is one calling for the application of such principles. (Satterlee v. Kobbe, 173 N. Y. 91; Obecny v. Goetz, 116 App. Div. 807; Grody v. Silverman, 222 App. Div. 526.) However, the facts alleged in the defense set forth in defendant’s amended answer do not constitute a situation in which the application of qquitable principles will serve to sustain the sufficiency of the defense. Assuming, as we must with respect to the question of legal sufficiency, that the rental reserved in the lease is grossly inadequate and that such inadequate rental is reflected in the market value of the property, this is nevertheless a situation to which defendant affirmatively contributed when she presumably agreed to the fixing of such inadequate rental. Defendant could have avoided the situation in which she allegedly now finds herself if she had, at the time of transfer of the stock interest in the corporation and the conveyance of the realty, insisted upon, and caused plaintiff to enter into, an agreement that no action for partition would be brought during the period of the lease or an agreement that the property would be held until it could be sold at a private sale at a sum agreeable to both. Such agreement would have constituted a good defense to this action. (Chew v. Sheldon, 214 N. Y. 344; Ogilby v. Hickok, 144 App. Div. 61, affd. 202 N. Y. 614; Andron v. Funk, 194 App. Div. 258; Buschmann v. McDermott, 154 App. Div. 515; Sipson v. Aloisio, 278 App. Div. 1013.)
The fact that defendant failed to protect herself against the situation which has developed does not call for the granting of equitable relief. In the absence of fraud on the part of plaintiff or unconscionable inadequacy of consideration with respect to the transactions involving the transfer and conveyance referred to previously, defendant’s situation must be deemed to have resulted from what was, at most, a poor bargain. It is not enough to induce a court of equity to interfere that a bargain is hard and unreasonable. “ Every man is presumed to be capable of managing his own affairs, and whether his *949 bargains are wise or unwise, is not ordinarily a legitimate subject of inquiry in a court of either legal or equitable jurisdiction ” (Parmelee v. Cameron, 41 N. Y. 392, 395; Matter of Ruszkiewicz, 41 N. Y. S. 2d 437, affd. 266 App. Div. 709).
Defendant relies on language contained in the opinion handed down in Johnson v. Aleshire (130 App. Div. 178) to the effect that each cotenant is entitled, where a sale is required in a partition action, to have the property offered for sale upon such terms and conditions as will insure, as nearly as may be, the realization of its full value. However, such language must be read in the light of the facts to which they were applied. The situation presented in that case related to the right to bring in, as parties, certain abutting owners who made a claim of interest to the realty which was the subject of the partition action. The court there held that where abutting owners make claim to the realty, or some interest therein, a party to the action is entitled to have such claimants made parties in the action. It is obvious that, in that case, until the abutters’ claim was determined, the fair market value of the property involved in that proceeding could not be established. No cloud on title is involved here and hence there is no problem of any intermediate interest which would first have to be determined before the value of the property could be established. The fact that the full value of the property may be diminished in some measure by the low rental reserved in the lease is a situation which defendant herself helped to establish, and she should not now be heard to complain of a situation which is of her own making.
Accordingly, motion to strike affirmative defense, pursuant to rule 109 of the Rules of Civil Practice, for insufficiency, is granted.
Settle order on notice.