Joseph A. Suozzi, J.
In this action to partition real property, plaintiff moves under rule 109 of the Pules of Civil Practice to strike out a defense of insufficiency of defendant Figueroa, and under rule 112 for judgment on the pleadings.
The complaint is framed on the theory that the real property in question was conveyed to the plaintiff and defendant Figueroa as tenants by the entirety on October 8, 1951; that the parties were not married to each other and never have been; and that the conveyance accordingly resulted in a tenancy in common of the property, of which a partition is accordingly sought (Perrin v. Harrington, 146 App. Div. 292). The conveyance, and the allegation that the parties were not married, are admitted.
Defendant Figueroa pleads as an “ affirmative and complete defense ” that plaintiff held herself out as his wife, assisted in procuring a mortgage from a lending institution on that basis, has unreasonably refused to marry the defendant, has herself failed to make any contribution to the maintenance of the property, and has never before asserted any claim to the property. He urges that she is guilty of laches and is estopped from asserting her claim. In a memorandum submitted, he also argues that the tenancy was in fact intended to be a joint tenancy, although this theory is not clearly embraced within the pleadings.
Neither that theory nor any other fact pleaded is a defense to the partition action. Even if the conveyance was intended to create a joint tenancy, plaintiff may partition the property held in joint tenancy (Civ. Prac. Act, § 1012; Matter of Sutter, 138 Misc. 85, affd. 232 App. Div. 45, affd. 258 N. Y. 104). Plaintiff’s right to partition is absolute, and is not subject to the claim of laches, estoppel or unclean hands (Schneidman v. Steckler, 12 Misc 2d 946, appeal dismissed 5 A D 2d 990; Stienberg v. Singer, 5 Misc 2d 278). Of course, the respective rights of the parties in the property must be determined before a final judgment is rendered.
*5 Accordingly, the plaintiff’s motion is granted, to the extent that plaintiff may have an order for the appointment of a Referee to ascertain and report the rights, shares and interests of the parties (Socoloff v. Socoloff, 14 Misc 2d 604); and upon the report of such Referee, there will be an interlocutory judgment of partition.