336 S.E.2d 33

**Alfred James VINCENT, M.D.**

v.

**The Honorable Arthur N. GUSTKE and Reynolds Memorial Hospital, Inc.**

No. 16732.

Supreme Court of Appeals
of West Virginia.

Oct. 17, 1985.

**522**

William F. Krebs, Alexandria, Va., for appellant.

John Madden, Madden & Wharton, Moundsville, Jeremy C. McCamic, McCamic & McCamic, Wheeling, for appellee.

NEELY, Chief Justice.

The Reynolds Memorial Hospital, Inc., brought an action in the Circuit Court of Marshall County to enforce a judgment lien against property owned by Alfred J. Vincent, M.D. and his wife, Ngaire Evelyn Vincent. Dr. and Mrs. Vincent own two pieces of property as joint tenants with the right of survivorship; one piece consists of the Vincent's marital residence which contains, in addition, Dr. Vincent's medical offices and a birthing room used in his obstetrics practice, while the second piece is an undeveloped lot located a few blocks from the Vincent's residence. Dr. Vincent brought this writ of prohibition against Judge Arthur W. Gustke, sitting by designation as Judge of the Circuit Court of Marshall County. We granted a rule to show cause under *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979) to insure that Dr. Vincent and his wife are protected under the rules recently enunciated in *Harris v. Crowder*, 174 W.Va. 83, 322 S.E.2d 854 (1984).

Before this Court, the hospital asserts in its answer to our rule to show cause that its complaint in Marshall County asked only that Dr. Vincent's interest in the property be sold. The complaint in the proceeding to enforce the judgment lien was drafted before *Harris v. Crowder*, 174 W.Va. 83, 322 S.E.2d 854 (1984), and, therefore, was not written with that case in mind. Nonetheless, the prayer for relief asks:

WHEREFORE, plaintiff prays that Alfred J. Vincent, Ngaire Evelyn Vincent, his wife, and Richard W. Barnes, Trustee, may be made parties defendant to this suit and required to answer same. That this cause may be referred to a commissioner in chancery to take the necessary accounts and report the liens, their amounts and priorities. That said real estate, or so much thereof as necessary may be sold, to pay off and discharge the various liens thereon and that your plaintiff may have all such other general and special relief as the nature of its case may require or to equity shall seem meet.

In *Harris v. Crowder, supra,* we held that before a marital residence owned by husband and wife as joint tenants with the right of survivorship can be partitioned by sale to satisfy the creditors of one spouse alone, there must be a showing under *W.Va. Code* 37–4–3 [1957] that "the interests of the other person or persons so entitled will not be prejudiced thereby." The policy enunciated in *Harris v. Crowder* of discouraging the sale of family residences to satisfy the creditors of one spouse alone is summarized in the following passage:

We are not disposed, therefore, to allow the inextricable logic of property law to be entirely dispositive of the issue before us. When a creditor seeks to sell a family's home to satisfy the debts of one spouse alone, a whole new dimension is given to the equitable provision in our partition statute that excludes partition when prejudice occurs to another tenant. When, for example, a modest, jointly-owned house has an unassignable $75,000 mortgage at 8 percent and would sell on today's market for $100,000, how is the wife to be compensated for the loss of her contract right to a low interest mortgage? Under such circumstances partition of the family home would be like partition of a table: when we partition a table we do not emerge with two small tables; we emerge with two useless pieces of junk!

*Harris v. Crowder*, 174 W.Va. at 89, 322 S.E.2d at 860–1.

The hospital asserts that nothing in *Harris* precludes a judgment creditor of one spouse from subjecting a jointly owned family residence to a suit to enforce its judgment lien under *W.Va.Code*, 38–3–9 [1923] if it does not then ask for partition by sale. The hospital's position is that it can sell Dr. Vincent's interest in the property, leaving Mrs. Vincent as a tenant in common, and thereby avoid any inquiry into possible prejudice to Mrs. Vincent.

■ Our holding in *Harris* was based upon explicit statutory language in *W.Va. Code* 37–4–3 [1957], the partition statute, that allows a court of equity to take into consideration possible prejudice to a joint tenant whenever another tenant seeks partition in kind or by sale. Unfortunately for Dr. Vincent, the language of *W.Va.Code* 38–3–9 [1923] does not authorize a court to inquire into the equities of proceedings to enforce judgment liens. There is nothing to prevent a judgment lien's immediate enforcement.[1] *Jones v. Hall*, 177 Va. 658, 15 S.E.2d 108, 111 (1941). A judgment lien creditor of a debtor who owns property in joint tenancy may execute his lien against the debtor's share of the property.[2] *Johnson v. Muntz*, 364 Ill. 482, 4 N.E.2d 826 (1936); 4 *Thompson on Real Property* § 1780 (1979) (material accompanying notes 41–47). Sale on execution of a joint tenant's interest in joint property is sufficient to operate as a severance of a joint tenancy. 4 *Thompson on Real Property* § 1780 (1979) (material accompanying notes 48–

49). *See*, Annot. 161 A.L.R. 1139, 1140 n. 1 (1946).[3] The creditor and the remaining joint tenant hold the property as tenants in common. *Herring v. Caroll*, 171 W.Va. 516, 300 S.E.2d 629 (1983). The creditor may then ask for a partition pursuant to *W.Va.Code* 37–4–3 [1957]. But in a suit for partition, we would be free to consider the equities discussed in *Harris v. Crowder*, 174 W.Va. 83, 322 S.E.2d 854 (1984) before granting the partition.

We are at a loss to know what stranger would want to buy a family residence to be shared with the debtor's wife and children, and on which the stranger would owe half the taxes and half the maintenance. Yet if the hospital insists on selling Dr. Vincent's one-half interest in his residence, and the purchaser is willing to take the residence subject to Mrs. Vincent's right to live there with her husband and her children, then the hospital is within its rights. The sale of such an asset would hardly be calculated to bring a very high price and Mrs. Vincent would appear to be the most likely bidder.

■ Accordingly, we hold that if the hospital proceeds under its general complaint simply to force a sale of Dr. Vincent's undivided interest in the property held jointly with his wife, *W.Va.Code* 38–3–9 [1923] does not require the circuit court to hold a hearing because such a sale will not prejudice Mrs. Vincent's rights to live in the house as her marital home. But it follows, then, that if the hospital seeks not only to sell Dr. Vincent's interest but also seeks to subject the jointly-held property to partition by sale, the circuit court must

---

**1.** This maxim is so well digested that even the prosaic *Michie's Jurisprudence* recognizes its validity. *See* 11A *Michie's Jurisprudence* § 92 (1978).

**2.** Indeed, at common law it would have been inequitable not to allow a creditor to sell the debtor's interest in jointly held property because, although the creditor may have had a judgment lien against his debtor's interest, until the interest was sold, (in some states levy would suffice), the common law entitled the other joint tenant to take the entire property in the event of the debtor's death, thus leaving the judgment

creditor high and dry. However, *W.Va.Code* 36–1–19 [1923] removes this right of survivorship and requires that a joint tenant's interest pass as if he had been a tenant in common and in effect subject to claims upon the debtor's estate.

**3.** *Citing Ziegler v. Bonnell*, 52 Cal.App.2d 217, 126 P.2d 118 (1942); *Ames v. Chandler*, 265 Mass. 428, 164 N.E. 616 (1929); *In re Sutter*, 138 Misc. 85, 245 N.Y.S. 636 (1930), *aff'd., Strail v. Sutter*, 232 App.Div. 45, 248 N.Y.S. 624 (1931), *aff'd.*, 258 N.Y. 104, 179 N.E. 310 (1932).

inquire into whether partition will prejudice Mrs. Vincent's rights in the premises and whether the partition comports with the rules we laid down in *Harris v. Crowder,* 174 W.Va. 83, 322 S.E.2d 854 (1984).

Therefore, we award the writ of prohibition for which petitioner prays as moulded.

Writ Awarded as Moulded.