338 S.E.2d 388

**M. Elaine WILKINS**

v.

**Charles Edward WILKINS.**

**No. 16609.**

Supreme Court of Appeals of West Virginia.

Dec. 18, 1985.

Andrew N. Frye, Jr., Petersburg, for appellant.

Howard E. Krauskopf, Moorefield, for appellee.

PER CURIAM:

This is an appeal from a series of orders, from the Circuit Court of Hardy County, in a partition suit. The lower court found that certain property could not be equitably partitioned in kind and ordered a sale. Following the sale, at which the appellee (defendant in the partition suit) purchased the property, the court entered an order confirming the sale.

The appellant's assignments of error are rather diffuse, but may be fairly summarized as follows: She contends that the court erred (1) in not making particular findings of fact and conclusions of law; (2) in finding that the property could not be equitably partitioned in kind; (3) in ordering that the property be sold; (4) in refusing to allot all or a portion of the property to the appellant; (5) in refusing to partition the property unequally; (6) in refusing to appoint commissioners to appraise the property; (7) and in denying a stay of the sale pending appeal. We find no merit in any of the appellant's contentions and, therefore, affirm.

I

In 1981 the appellant, M. Elaine Wilkins, instituted a civil action against her former husband,[1] Charles Edward Wilkins, seeking partition in kind of three contiguous tracts of land in Hardy County.

The court appointed three commissioners whose task was to determine whether the real estate was susceptible to partition in kind. After personally viewing the property, the commissioners reported their findings that the location of a ravine in the center of the property and the shape of the three aggregate tracts did not permit an equitable partition.

Upon appellant's objections to the report, a hearing was held. One of the commissioners (Stanley See) testified that after visiting the property, the commissioners were unable to determine any method of fairly dividing the property. Both parties presented expert witnesses who gave conflicting testimony on the practicability and possibility of dividing the property into tracts of equal value.

At the close of the hearing, the trial court overruled the objections to the commissioners' report. Both parties moved, pursuant to *Code*, 37-4-3 [1957], for an allotment of the entire tract.

Argument on the two allotment motions was subsequently heard at which time the court suggested that the best resolution might be an auction where only the parties were eligible to bid. As an alternative, the appellant said that if the court were to order partition in unequal shares, she was willing to accept the smaller share. However, the court rejected this alternative, believing that it had no authority to order an unequal partition, absent the consent of the parties. The appellee indicated his unwillingness to accept such a partition.

At the close of the hearing on the allotment motions, the parties reached an agreement whereby the appellant would purchase the appellee's interest for $1,000 an acre, payable within 30 days. The parties also agreed that each would pay one-half of certain indebtedness then encumbering the property. This agreement is reflected in an order entered September 17, 1982.

Several months passed and the appellant failed to comply with the agreement. The court, on the motion of the appellee, ordered that the property be sold as a single tract at public auction. At the same time, the court denied appellant's motion for a stay of execution and a renewed motion for allotment. In its order, the court found that the appellant had done nothing to accomplish compliance with the agreement to

1. It is not apparent from the record when the parties were divorced.

purchase the appellee's interest. The attorneys of record were appointed as special commissioners to conduct the sale.

There were several bidders at the sale and the appellee made the high bid of $50,500. The record does not reflect whether the appellant participated in the bidding process. The court confirmed the sale, over the objection of the appellant that the property should have been offered for sale in three separate tracts. The court made a finding, based on testimony at earlier hearings, that the value of property as a whole was greater than the aggregate of values of the separate tracts were the property to be divided. The appellant was allowed ten days in which to offer an upset bid, such bid to be accompanied by a ten percent deposit.

After ten days elapsed, the appellant, by letter, offered to buy the property at a price higher than $50,500. The precise amount of the bid is not found in the record. The court rejected this bid on the grounds that the appellant had not complied with the requirements of the previous order and that the court had been informed that the appellant was unable to borrow sufficient funds that would enable her to make good on her bid.

The appeal followed the filing of the report of the special sale commissioner showing the distribution of the proceeds from the sale of the property.

## II

"In a partition suit, before there can be a sale, 'there must be an affirmative showing of the propriety of the sale.' *Smith v. Greene,* 76 W.Va. 276, [279], 85 S.E. 537, 538 [1915]." *Starcher v. United Fuel Gas Co.,* 113 W.Va. 397, 400, 168 S.E. 383, 384 (1983).

The prerequisites for a partition sale are set forth in Syl. pt. 3, *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978):

> By virtue of W.Va.Code, 37-4-3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one

or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale.

The first question to be determined is whether the property can be conveniently partitioned in kind. Ordinarily, commissioners are appointed to inspect the property and report their findings to the court on the convenience of partition. *See* Syl. pt. 5, *Stewart v. Tennant,* 52 W.Va. 559, 44 S.E. 223 (1903); syl. pt. 2, *Loudin v. Cunningham,* 82 W.Va. 453, 96 S.E. 59 (1918).

"Inconvenience of partition as one of the circumstances authorizing such sale, does not contemplate physical impossibility of division, but the requirement is not satisfied by anything short of a real and substantial obstacle of some kind to division in kind, such as would make it injurious to the owners...." Syl. pt. 4, in part, *Croston v. Male,* 56 W.Va. 205, 49 S.E. 136, 107 Am. St.R. 918 (1904). We have also said: "The word 'conveniently' as used in the statute [37-4-3] does not have its usual significance, but means rather *practicably* and *justly.*" (emphasis in original). *Garlow v. Murphy,* 111 W.Va. 611, 163 S.E. 436 (1932).

Promotion of the interests of one or more of the parties is another fact which must be established prior to ordering a sale. In syl. pt. 6 of *Croston v. Male, supra,* we recognized the following test for making this determination:

> "Whether the aggregate value of the several parcels into which the whole premises must be divided will, when distributed among the different parties and held in severalty, be materially less than the value of the same property if it be owned by one person, is a fair test by which to determine whether the interests of the parties will be promoted by a sale."

The same test may be used to determine prejudice, since prejudice is the inverse of promotion. *See* 59 Am.Jur.2d, Partition § 118.

## III

The court below adopted the report of the commissioners, thus finding that the property was not susceptible to a convenient partition in kind. This finding is supported by the evidence and is not clearly erroneous. Therefore, there was no error in sustaining the commissioners' findings. Rule 52(a) *W.Va.R.C.P. See* syl. pt. 1, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972); syl. pt. 3, *Serge v. Matney*, 165 W.Va. 801, 273 S.E.2d 818 (1980).

■ It appears from the record that, at the time the sale was ordered, the court did not make findings of fact with respect to the promotion of appellee's interests or the lack of prejudice to appellant's interest. Although such failure constitutes a violation of Rule 52(a) *W.Va.R.C.P.*, it is not necessary in this case to remand for compliance with the rule.

A case will be disposed of without remanding it to the trial court to find the facts specially and state separately its conclusions of law in accordance with Rule 52(a) of the Rules of Civil Procedure, when there is sufficient information in the record with regard to the facts which control the proper disposition of the case.

Syl. pt. 3, *Prete v. Merchants Property Ins. Co. of Indiana*, 159 W.Va. 508, 223 S.E.2d 441 (1976).

■ It was established through the testimony of the expert witnesses that the value of the property would be diminished as a consequence of a partition in kind. The evidence supported a finding that there would be considerable costs associated with surveying the property and building an access road, and that it was necessary to locate such a road so that it would cross one parcel in order to reach the other. At the confirmation hearing, the court stated that the evidence showed that a division of the land would result in a reduction of value. It was also undisputed that there were several judgment liens encumbering the property.

■ We think it is clear that the appellee, who was the party seeking the sale, established that his interests would be promoted by the sale. The proceeds from the sale could be used to satisfy the parties' debts and thus unencumber the property. The record shows that the proceeds were used for this purpose. The evidence further establishes that through a sale of the property, the appellee would realize his share of the value of the property, whereas if the property were partitioned his resultant share would be diminished.

■ Lack of prejudice to the appellant's interests was established by the evidence regarding the diminution of the value of the property if partitioned. Prejudice is not measured solely in monetary terms. *See Vincent v. Gustke*, 175 W.Va. 521, 336 S.E.2d 33 (1985); *Harris v. Crowder*, 174 W.Va. 83, 322 S.E.2d 854 (1984); *Murredu v. Murredu*, 160 W.Va. 610, 236 S.E.2d 452 (1977); *Hale v. Thacker*, 122 W.Va. 648, 650, 12 S.E.2d 524 (1940). The case now before us is not one, however. where, as a result of a judicial sale, a wife would be ousted from the marital abode, *Vincent, supra*, or where a partition suit might frustrate a divorce decree's provision of exclusive possession by one party of the marital residence. *Murredu, supra*. The appellant did not reside on the property she sought to partition.

■ All the prerequisites for a partition sale were established. Therefore, the court did not err in ordering the property to be sold.

As an alternative to a sale, the appellant contends that the court should have either allotted the entire property to her, pursuant to *Code,* 37–4–3 [1957],[2] or partitioned the property into two unequal shares, awarding her the share of lesser value.

Both parties made motions for allotment of the entire property. The court found no

---

**2.** *Code,* 37–4–3 provides in pertinent part: "When partition cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it and pay therefor to the other party or parties such sum of money as his or their interest therein may entitle him or them to …"

equitable basis for allotment, since both parties were equally entitled to it. The parties agreed that the appellant would pay $1,000 per acre for the appellee's half-interest. However, she paid no money to the appellee and consequently the court ordered the sale.[3]

■ The appellant has cited no authority, and we have found none, to support the contention that the court erred in refusing to consider a partition into unequal shares. The appellant argues that *Code*, 37-4-3 provides for allotment of part of the real estate and sale of the residue. However, the record indicates that the appellant requested a partition in kind that would result in a 45% to 55% split. Thus, the provision of *Code*, 37-4-3 for allotment of part and sale of the residue was never invoked.

■ Finally, the appellant contends that the court erred in refusing to grant a stay of execution of the order decreeing a sale, pending an appeal of the court's denial of a partition in kind. Soon after the trial judge ordered that the property be sold but before the property was actually put up for bids, the appellant filed a "Notice of Intent to Appeal." However, the record shows that the appellant did not appeal that order.[4] It is unnecessary to address the issue of whether there was any impropriety in denying the stay. The benefit of such a stay disappeared long ago when the property was sold. Moreover, because our decision in this case upholds the sale, denial of the stay did not prejudice the appellant.

For the foregoing reasons, the orders appealed from are affirmed.

Affirmed.

---

**3.** The appellant's contention that the court erred in refusing to appoint commissioners for the purpose of ascertaining the value of the property is without merit. We recognize that *Code*, 37-4-3 does provide for the appointment of commissioners to appraise property that is allotted, however, this need only be done where the parties "cannot agree upon the value of the subject." Here, the parties agreed upon the value. Therefore, it was unnecessary to appoint commissioners.

**4.** The order of sale was an appealable order. *See Summers v. Satterfield,* 120 W.Va. 1, 196 S.E. 159 (1938); *Garlow v. Murphy,* 111 W.Va. 611, 163 S.E. 436 (1932); *Code,* 58-5-1(g) [1925].