# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**J.C. BAKER & SON, INC.,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-291**      (Cir. Ct. Braxton Cnty. Case No. CC-04-2022-C-10)

**DANIEL C. COOPER, as Executor**
**of the ESTATE OF GEORGE C. BAKER,**
**Plaintiff Below, Respondent**

**FILED**
**January 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner J.C. Baker & Son, Inc. ("Company") appeals the Circuit Court of Braxton County's June 24, 2025, order granting Respondent Daniel C. Cooper's motion to lift stay on the judicial sale, appoint a special commissioner, and decree a judicial real estate sale. Mr. Cooper filed a response.[1] Company filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This is the fourth appeal surrounding these parties. *See Baker, Trustees of George C. Baker Trust Dated July 20, 2002 v. Cooper*, No. 24-ICA-253, 2025 WL 3162018 (W. Va. Ct. App. Nov. 12, 2025) (memorandum decision); *George C. Baker Trust Dated July 20, 2002 v. Cooper*, No. 21-0866, 2022 WL 17444547 (W. Va. Dec. 6, 2022) (memorandum decision); *J.C. Baker & Son, Inc. v. Cooper*, No. 20-0338, 2021 WL 1614342 (W. Va. April 26, 2021) (memorandum decision).[2] Given the extensive appellate history, we will only briefly discuss the facts relevant to the instant appeal.

On February 4, 2000, Company entered into an agreement with George C. Baker to purchase all of George C. Baker's shares in Company for $2,248,000, payable in monthly installments. The agreement was subsequently amended to reduce the total amount to

---

[1] Company is represented by R. Terrance Rodgers, Esq. Mr. Cooper is represented by himself, Jamison H. Cooper, Esq., and Steven F. Luby, Esq.

[2] Company was a party in only one of these three prior appeals. However, at least one owner of Company was a party to the other two appeals.

1

$1,856,310.70 (the "Stock Purchase Debt"). The agreement provided for a 6.5% interest rate and an amortization schedule requiring Company to pay monthly installments of $16,170 until its maturity date on March 23, 2018. George C. Baker died testate on September 6, 2009.

On or about March 29, 2012, Company defaulted on the Stock Purchase Debt and has been delinquent on the Stock Purchase Debt for the last ten years. On January 30, 2018, Mr. Cooper, in his capacity as Executor of George C. Baker's Estate, filed an action in the Circuit Court of Braxton County against Company to obtain a judgment on the Stock Purchase Debt. Company was ordered to pay the delinquent Stock Purchase Debt in the amount of $1,555,112.72, plus post-judgment interest at the rate of 4.75%. *See J.C. Baker & Son, Inc. v. Cooper*, No. 20-0338, 2021 WL 1614342 (W. Va. April 26, 2021) (memorandum decision). Despite the judgment ordering that Company pay the Stock Purchase Debt, it remains unpaid.[3]

On August 7, 2020, Mr. Cooper attempted to enforce the judgment against Company by proceeding against its personal property in Braxton County by filing a writ of execution. However, the Braxton County Sheriff could not locate any personal property in Braxton County to satisfy the judgment. Mr. Cooper filed similar writs of execution by the Clerk of Braxton County to the Sheriffs of Gilmer County, Kanawha County, Lewis County, Nicholas County, and Webster County. The writs of execution required the writ to be returned within sixty days. However, the writs of execution have not been returned by the sheriffs of any of the listed counties. Mr. Cooper also issued a suggestion of personal property to Premier Bank, Inc., to which Premier Bank, Inc., responded and stated that Company had an account in the amount of $900 but that funds would not be released without a court order. Finally, Mr. Cooper issued a suggestion of personal property to First Community Bank. First Community Bank answered the suggestion and stated that Company did not have any active accounts.

On February 24, 2022, Mr. Cooper, again in his capacity as Executor of George C. Baker's Estate, filed an action in the Circuit Court of Braxton County to enforce the judgment it received against Company in 2020. Mr. Cooper requested that the matter be referred to a special commissioner to conduct a debtor's exam, determine any liens on any of Company's real property and priorities, publish all notices required by law, and report on all liens on said real property, and the amount due, and the priority thereof, to all lien holders. Mr. Cooper also requested that the court direct Company to sell its real property at one or more public auctions.

---

[3] As of January 1, 2025, the outstanding balance is $1,911,160.72 and is anticipated to be $1,985,031.24 on January 1, 2026.

On March 31, 2022, Company moved to dismiss, or in the alternative, to stay the judicial sale of Company's real property, asserting that it was entitled to a stay pursuant to West Virginia Code § 56-6-10[4] pending: (1) the decision on its motion to dismiss; (2) the resolution of an appeal regarding the removal of Mr. Cooper as Executor; and (3) the resolution of an appeal regarding the review of the Estate's attorney fees.[5] On July 19, 2023, the court granted the stay, but denied Company's motion to dismiss, holding that: (1) Mr. Cooper has the fiduciary authority to file the action to enforce the judgment lien against Company; (2) the complaint satisfies the statutory requirements contained in West Virginia Code § 38-3-9;[6] and (3) the Executor's authority to collect the judgment is not limited to the amount of the Estate's outstanding attorney fees or other outstanding debt.

On March 3, 2025, Mr. Cooper filed a motion to lift the stay, appoint a special commissioner, and decree the judicial sale. Following a hearing on April 25, 2025, the court granted Mr. Cooper's motion, holding that: (1) the stay imposed on July 19, 2023, is lifted; (2) a judicial sale pursuant to West Virginia Code § 38-3-9 is decreed; and (3) Daniel Armstrong, Esq., is appointed as a special commissioner to conduct the judicial sale of the real property. This appeal followed.

---

[4] West Virginia Code § 56-6-10 states:

Whenever it shall be made to appear to any court, or to the judge thereof in vacation, that a stay of proceedings in a case therein pending should be had until the decision of some other action, suit or proceeding in the same or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order. But no application for such stay shall be entertained in vacation until reasonable notice thereof has been served upon the opposite party.

[5] As cited above, the pending appeals have since been decided.

[6] West Virginia Code § 38-3-9 states:

The lien of a judgment may be enforced in a court of equity after an execution or fieri facias thereon has been duly returned to the office of the court or to the justice from which it issued showing by the return thereon that no property could be found from which such execution could be made: Provided, that such lien may be enforced in equity without such return when an execution or fieri facias has not issued within two years from the date of the judgment. If it appear to such court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real estate, or any part thereof, to be sold and the proceeds applied to the discharge of the judgment.

3

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 6, *In re Donald M.*, 233 W. Va. 416, 758 S.E.2d 769 (2014) (quoting Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

Company asserts five assignments of error on appeal, which are similar and will be consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly"). First, Company argues that the circuit court did not have subject matter jurisdiction to enter the June 24, 2025, order on appeal and that Mr. Cooper does not have the authority to liquidate more property than necessary to cover the costs of the Estate's debts. Second, Company argues that the order should be reversed because the circuit court failed to make an independent review of the issues when it adopted Mr. Cooper's proposed order. We will address each assignment of error in turn.

First, Company argues that the circuit court did not have subject matter jurisdiction over the case because the Estate's liability for the attorney fees incurred for legal services has not yet been resolved. Similarly, Company also argues that Mr. Cooper does not have the authority to sell more of Company's property than what is necessary to raise the funds to pay the Estate's debts. We find these arguments to be without merit as they have already been decided by the Supreme Court of Appeals of West Virginia ("SCAWV"). In *J.C. Baker & Son, Inc. v. Cooper*, No. 20-0338, 2021 WL 1614342 (W. Va. April 26, 2021) (memorandum decision), the SCAWV rejected Company's argument that Mr. Cooper only has the authority to satisfy approximately one-third of the Stock Purchase Debt. More specifically, Baker Inc. argued that the $1.5 million judgment should be reduced to approximately $500,000 to cover the outstanding attorney fees incurred by the Estate. In its brief before this Court, Company argues that the SCAWV did not hold that the entire Stock Purchase Debt must be collected and that it instead held that Mr. Cooper had a duty to "pursue" the debt. We disagree.

In *J.C. Baker & Son, Inc.*, the Company argued that the circuit court erred in denying its motion to dismiss because only the amount needed to satisfy the Estate's debts was required to be paid. *Id.* at *4. The SCAWV rejected this argument and affirmed the circuit court's denial of Company's motion to dismiss. The SCAWV held that:

> [Company] is again implicitly recognizing that the [Stock Purchase Debt] is subject to Estate administration, and, as set forth above, [Mr. Cooper] has the "duty ... to administer well and truly the whole personal estate of his decedent." W. Va. Code § 44-1-15. Because the Amended Stock Purchase Agreement and the [Stock Purchase Debt] arising under it are Estate assets until distributed, and because [Mr. Cooper] remains executor of the Estate, the court did not err in denying [Company]'s motion to dismiss.

4

*Id*. at *7.

We do not find Company's attempts to distinguish the SCAWV's holding on this issue from the nearly identical argument that it is making to this Court persuasive. Moreover, West Virginia Code § 38-3-9 does not authorize this Court to reassess the merits of Company's arguments in the underlying judgment matter. *See Vincent v. Gustke*, 175 W. Va. 521, 523, 336 S.E.2d 33, 35 (1985) ("[T]he language of W.Va.Code 38-3-9 [1923] does not authorize a court to inquire into the equities of proceedings to enforce judgment liens. There is nothing to prevent a judgment lien's immediate enforcement."). Accordingly, we decline to readdress these arguments in this appeal.[7]

Next, Company argues that the circuit court erred in adopting Mr. Cooper's proposed order because the order contains factually unsupported arguments made by counsel. In support of its argument, Company cites *South Side Lumber Co. v. Stone Const. Co.*, 151 W. Va. 439, 444, 152 S.E.2d 721, 724 (1967), in which the SCAWV held that:

> Under the rule it is the duty of the trial court to makes its findings of facts and it should not surrender or delegate this important function by any mechanical adoption of findings proposed by counsel; but the trial court, to accomplish the results intended by the rule, should at or prior to the entry of judgment carefully prepare its own findings of facts and that procedure should be adhered to by the trial courts of this State.

Mr. Cooper argues that *South Side* is distinguishable here because the simple fact that the circuit court adopted the proposed order does not mean that the circuit court did not make its own independent findings. We agree. "As an appellate court, we concern ourselves not with who prepared the findings for the circuit court, but with whether the findings adopted by the circuit court accurately reflect the existing law and the trial record." *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 214, 470 S.E.2d 162, 168 (1996). There have been extensive pleadings, memorandums, and hearings is this matter. Moreover, the circuit court granted Mr. Cooper's motions at the April 25, 2025, hearing and requested that a proposed order be prepared consistent with those rulings. There is no evidence that the circuit court "surrender[ed]" the duty of the court to opposing counsel. Therefore, we do not find any error on this issue. *See id.* (citations omitted) (explaining that while

---

[7] We recognize that Company also argues that the issue was not ripe for adjudication by the circuit court because at the time that the June 24, 2025, order was entered, the litigation involving the reasonableness of attorney fees was still pending with this Court. However, in light of our conclusion that the SCAWV has already held that Company is required to pay the entire amount of the Stock Purchase Debt and not just the amount necessary to satisfy the debts of the Estate, we find Company's argument that the enforcement of the judgment was not "ripe" until the Estate's attorney fees are finally calculated to be meritless.

"[v]erbatim adoption of proposed findings and conclusions of law prepared by one party is not the preferred practice . . . it does not constitute reversible error").

Accordingly, we affirm the Circuit Court of Braxton County's June 24, 2025, order.

Affirmed.

**ISSUED:** January 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge S. Ryan White, not participating

6